Charles R. Messer (SBN 101094)
messerc@cmtlaw.com
David J. Kaminski (SBN 128509)
kaminskid@cmtlaw.com
Martin Schannong (SBN 243297)
schannongm@cmtlaw.com
CARLSON & MESSER LLP
5959 W. Century Boulevard, Suite 1214
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

Attorneys for Defendant
EDUCATIONAL CREDIT MANAGEMENT CORPORATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A J REYES, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>EDUCATIONAL CREDIT MANAGEMENT CORPORATION,<br><br>Defendant. | CASE NO. 3:15-CV-00628-BAS-JMA<br><br>**EX PARTE MOTION TO STAY CLASS ACTION DISCOVERY PENDING MOTION FOR SUMMARY JUDGMENT; DECLARATION OF DAVID J. KAMINSKI**<br><br>Honorable Jan M. Adler |

Defendant EDUCATIONAL CREDIT MANAGEMENT CORPORATION ("ECMC") hereby moves ex parte for a stay of class action discovery in this matter pending resolution of ECMC's Motion for Summary Judgment as to the Complaint of Plaintiff A J REYES ("Plaintiff") (ECF No. 25).

/ / /

/ / /

# TABLE OF CONTENTS

I. INTRODUCTION ........ 1

II. APPLICABLE LAW ........ 1

III. ARGUMENT ........ 2

A. ECMC's Summary Judgment Motion is Meritorious on its Face ........ 2

B. The Balancing of Harm Favors Granting a Stay ........ 3

C. The Recent Amendment of the TCPA Should Also Be Considered ........ 6

IV. CONCLUSION ........ 8

# TABLE OF AUTHORITIES

**Case Law**

*Blake v. Financial Management Systems, Inc.*
2011 WL 4361560 (N.D. Ill. Sept. 19, 2011) ........ 2, 5, 6

*GTE Wireless, Inc. v. Qualcomm, Inc.*
192 F.R.D. 284 (S.D. Cal. 2000) ........ 1, 3

*Gusman v. Comcast Corp.*
298 F.R.D. 592 (S.D. Cal. 2014) ........ 1

*Little v. City of Seattle*
863 F.2d 681 (9th Cir. 1988) ........ 1

*Wenger v. Monroe*
282 F.3d 1068 (9th Cir. 2002) ........ 1

**Statutes and Regulations**

20 U.S.C. § 1071 ........ 2

34 C.F.R. § 682.410 ........ 1

47 U.S.C. § 227 ........ 1

Bipartisan Budget Act of 2015 ........ 7, 8

California Penal Code § 632.7 ........ 2

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

This is a putative class action case. Plaintiff alleges that ECMC violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and the California Invasion of Privacy Act, California Penal Code § 632.7 ("CIPA"). (ECF No. 1.)

Plaintiff has requested an extraordinary amount of class-based discovery from ECMC. The parties have filed a Joint Motion for Determination of Discovery Dispute, pursuant to which Plaintiff seeks to compel further responses from ECMC with respect to numerous separate discovery requests. (ECF No. 28.) Plaintiff has stated that he will oppose any stay of discovery. (ECF No. 28 at 3:15.) ECMC makes this request for a stay of class action discovery in the spirit of Local Civil Rule 26.1(c), which allows a party against whom a discovery motion is brought to make a motion for protective order at the same time. A motion to stay discovery is essentially a motion for protective order.

ECMC has filed a Motion for Summary Judgment which is currently pending before the Honorable Cynthia Bashant, with a scheduled hearing date of January 19, 2015. (ECF No. 25.) ECMC contends that its Motion for Summary Judgment is dispositive of the entire case, and respectfully requests that this Court stay any further class action discovery until a ruling is issued on the Motion.

## II.

## APPLICABLE LAW

Courts may stay discovery pending resolution of potentially dispositive motions. (*Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002).) In analyzing whether discovery should be stayed, the Court has discretion to take a "preliminary peek" at the merits of the allegedly dispositive motion to see if "on its face" there appears to be an immediate and clear possibility that it will be granted. The Court may also

balance the harm of allowing discovery against the harm of a stay. (*GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 290 (S.D. Cal. 2000).)

In class action litigation, discovery on the merits is usually deferred until it is certain that the case will proceed as a class action. (*Gusman v. Comcast Corp.*, 298 F.R.D. 592, 595 (S.D. Cal. 2014).)

With respect to TCPA class actions specifically, Courts have recognized the extremely heavy discovery-burden often imposed on defendants, and granted stays on further class discovery until the Court has decided a Motion for Summary Judgment against the Plaintiff which could potentially resolve the case and render the class discovery meaningless. (*Blake v. Financial Management Systems, Inc.*, 2011 WL 4361560 at *1 (N.D. Ill. Sept. 19, 2011).)

## III.

## ARGUMENT

### A. ECMC's Summary Judgment Motion Is Meritorious on its Face

ECMC is a "guaranty agency" in the Federal Family Education Loan Program ("FFELP") under the Higher Education Act of 1965, 20 U.S.C. § 1071, et seq. ("HEA"). As such, ECMC helps to administer the FFELP as a guarantor of federal student loans on behalf of the United States Department of Education, including two defaulted student loans obtained by Plaintiff in 2008. (Skerbinc Decl. ¶ 2; ECF No. 28-12.)

The Code of Federal Regulations sets forth, in great detail, the wide variety of activities a guaranty agency must undertake on a guaranteed student loan. (See e.g. 34 C.F.R. §§ 682.400-682.423.) Among other things, the guaranty agency must "engage in reasonable and documented collection activities" on loans which have gone into default. (34 C.F.R. § 682.410(b)(6)(i).) Here, Plaintiff defaulted on his student loan debt, and now complains about ECMC's collection activities.

Specifically, Plaintiff contends that ECMC violated the TCPA by calling him on his cell phone, allegedly using an automatic telephone dialing system

and/or an artificial or prerecorded voice, without Plaintiff's prior express consent to do so. (Complaint ¶ 14.) However, ECMC had prior express consent to call Plaintiff. (Motion for Summary Judgment at 4:11-5:24; ECF No. 25.) Plaintiff's TCPA claim therefore lacks merit as a matter of law.

Plaintiff has also sued ECMC for alleged violation the CIPA. In this regard, Plaintiff asserts that when he called ECMC, he was not advised that the conversations were recorded. (Complaint ¶¶ 22-24.) However, for incoming calls to ECMC, the following pre-recorded admonition is played: "Thank you for calling ECMC. This call is being recorded. Please hold while we connect you to an available representative." (Motion for Summary Judgment at 7:16-8:15; ECF No. 25.) Thus, Plaintiff's claim for violation of the CIPA lacks merit as well.

Therefore, "on its face," there is a clear "possibility" that ECMC's Motion for Summary Judgment will be granted. (Cf. *GTE Wireless, Inc.*, *supra*, at 289.)

**B. The Balancing of Harm Favors Granting a Stay**

Plaintiff has requested a tremendous amount of information and documents from ECMC, ostensibly designed to identify purported class members and to drill down on ECMC's contention that not only Plaintiff but many other proposed class members provided prior express consent to receiving auto-dialed calls on their cell phones, and that they were advised that the calls were recorded. The discovery at issue is described more fully in the parties' Joint Motion for Determination of Discovery Dispute. (ECF No. 28.)

In sum, Plaintiff seeks information regarding all calls placed by ECMC in the last four years. In carrying out its duties as a guaranty agency, Federal Regulations require ECMC to place a considerable amount of telephone calls regarding federal student loans. ECMC has more than 2.5 million borrowers in its non-defaulted portfolio, defaulted portfolio, and bankruptcy portfolio. In order to help fulfill its obligations under the regulations, ECMC places more than one million calls per month. Plaintiff seeks four years' worth of data. ECMC is unable

to determine exactly how many calls it placed during this time period, but a conservative estimate would be more than 100 million calls. It would be cost-prohibitive and extremely burdensome for ECMC to produce all of that information. (Skerbinc Decl. ¶¶ 4, 5, 9; ECF No. 28-12.)

Furthermore, Plaintiff seeks private and confidential information regarding millions of student loan borrowers like himself. (Skerbinc Decl. ¶ 4; ECF No. 28-12.) To produce such a massive amount of confidential information is not warranted, and would violate the borrowers' right to privacy, particularly in light of the fact that Plaintiff has already obtained a large amount of the data via third-party subpoenas. This data is also protected by the Federal Information Security Management Act ("FISMA") and the United States Department of Education would likely need to approve the data security standards of any entity that received this federal data. (Skerbinc Decl. ¶ 6; ECF No. 28-12.)

In addition, ECMC has a policy to not call cell phone numbers with an automated dialer without prior express consent to do so, and also has a policy to disclose that calls are being recorded. Accordingly, barring any inadvertent deviations from these policies, the borrowers about whom Plaintiff seeks information could not be part of any putative class. The production of information that would result in a violation of the privacy of millions of non-class members is not justified, at least not while ECMC's Motion for Summary Judgment is pending.

Plaintiff also seeks documents regarding "prior express consent" for every potential class member. It is virtually impossible for ECMC to provide the consent documents sought by Plaintiff. There are numerous ways a borrower can provide such consent, and ECMC would have to manually review every account record for each of the millions of borrowers potentially at issue, to determine the circumstances through which consent was obtained to place the call. (Skerbinc Decl. ¶ 14; ECF No. 28-12.)

/ / /

Furthermore, the federal student loan process can involve multiple entities other than ECMC, depending on the circumstances of each account, such as the federal government, banks and other lenders, servicers, debt collection agencies, etc. It is likely that many borrowers called by ECMC have given prior express consent to be contacted to these other entities. Such information is not readily available to ECMC and not within the care, custody or control of ECMC. ECMC would have to contact and work with all involved entities for each account to determine whether consent was provided to them, in addition to or instead of ECMC. This would require a massive undertaking, given the likely millions of accounts ostensibly involved in this case. This would also negatively impact ECMC's relationship with its business partners, likely resulting in a disruption to its business, and an inability to adequately perform its duties to the U.S. Department of Education pursuant to the Code of Federal Regulations. (Skerbinc Decl. ¶ 15, ECF No. 28-12.)

With respect to call recordings, it would be an extremely burdensome task for ECMC to create a list of the enormous number of recordings about which Plaintiff seeks information. Because ECMC places approximately 1 million calls per month and Plaintiff seeks a year's worth of information, ECMC would first have to analyze approximately 12 million calls to determine how many of them were recorded. A conservative estimate would be roughly 4 million recordings. This is a massive amount of data, that ECMC cannot produce without having to expend significant time, effort and cost. (Skerbinc Decl. ¶ 16; ECF No. 28-12.)

Furthermore, as discussed above, ECMC has a policy to disclose that calls are recorded. (Skerbinc Decl. ¶ 17; ECF No. 28-12.) The vast majority of recordings will thus be irrelevant. To determine whether a mistake was made (for example that the ECMC representative may have forgot to advise that he or she was calling on a recorded line), each and every recording would have to be manually reviewed. Because this case potentially involves millions of recordings,

such a task is virtually impossible to perform, and discovery in this regard is not warranted when ECMC has a Motion for Summary Judgment pending which could dispose of the entire case.

A stay on class discovery while the Court considers the "prior express consent" issue will not cause prejudice to Plaintiff. As held in *Blake*: "Allowing Defendant to delay [producing further class discovery] until the Court rules on Defendant's focused and tailored motion for summary judgment on the issue of Plaintiff's supposed consent to receive collection calls on her cell phone will not materially prejudice Plaintiff and will, on the other hand, potentially benefit the efficient and economical management of this purported class action in the future . . . It is unlikely that a stay of further class discovery while the District Judge considers this motion will unduly delay this case or unduly prejudice Plaintiff. A decision on the threshold issue raised in Defendant's motion for summary judgment also may assist the parties and the Court in considering the issue of class certification and in focusing relevant discovery if this case proceeds past the summary judgment motion." (*Blake v. Financial Management Systems, Inc.*, 2011 WL 4361560, at *1-2 (N.D. Ill. Sept. 19, 2011).)

No trial date has been set in this matter. Plaintiff's current deadline to file a class certification motion is April 15, 2016. (ECF No. 16.) As demonstrated by the parties' Joint Motion for Determination of Discovery Dispute (ECF No. 28), significant class action discovery has already been conducted. A telephonic Case Management Conference is scheduled for January 22, 2016. (ECF No. 22.) The status of discovery and ECMC's Motion for Summary Judgment can be further discussed at that time, and if Plaintiff deems it necessary to extend the April 15, 2016 deadline to file the class certification motion, ECMC will be happy to stipulate to this. Accordingly, a stay on further class discovery would cause little or no prejudice to Plaintiff.

/ / /

Based on the foregoing, the balancing of harm clearly favors a stay on further class discovery, as such discovery would be extremely burdensome for ECMC, and potentially unnecessary, depending on the outcome of ECMC's pending Motion for Summary Judgment.

**C. The Recent Amendment of the TCPA Should Also Be Considered**

On November 2, 2015, the President signed the Bipartisan Budget Act of 2015, which thus became law. As part of the Act, the TCPA has been amended to expressly state that it does not apply to calls "made solely to collect a debt owed to or guaranteed by the United States." (Bipartisan Budget Act of 2015 § 301.) In addition, the Act provides that "the Federal Communications Commission, in consultation with the Department of the Treasury, shall prescribe regulations to implement the amendments made by this section" within 9 months. (Id.)

Because ECMC administers and guarantees federal student loans on behalf of the United States Department of Education, and called Plaintiff in an attempt to collect his defaulted federal student loan, ECMC falls squarely within this exception to the TCPA. The instant lawsuit was filed prior to the enactment of the Bipartisan Budget Act of 2015, but whether the recent amendments are clarifications of preexisting law, or whether they may have retroactive effect, will not be known until August 2016 (at the latest) when the Federal Communications Commission and the Department of the Treasury issue their corresponding regulations.

The aforementioned amendments to the TCPA, and the upcoming regulations, constitute an additional reason why a stay on further class discovery is warranted in the instant case.

**IV.**

**CONCLUSION**

ECMC respectfully requests that the Court stay any further class discovery until a ruling is issued on ECMC's Motion for Summary Judgment.

DATED: December 1, 2015

CARLSON & MESSER LLP

By: s/David J. Kaminski
Charles R. Messer
David J. Kaminski
Martin Schannong
Attorneys for Defendant

**DECLARATION OF DAVID J. KAMINSKI**

I, David J. Kaminski, declare as follows:

1. I am an attorney at law, licensed to practice before this Court and all of the courts of the State of California and a partner of the law firm of Carlson & Messer LLP, attorneys of record for Defendant EDUCATIONAL CREDIT MANAGEMENT CORPORATION ("ECMC") in this action.

2. I make this declaration in support of ECMC's ex parte motion to stay further class action discovery in this matter until the Honorable Cynthia Bashant issues a ruling on ECMC's Motion for Summary Judgment, which has a hearing date of January 19, 2015. (ECF No. 25.)

3. Plaintiff has requested an extraordinary amount of class-based discovery from ECMC. The parties have filed a Joint Motion for Determination of Discovery Dispute, pursuant to which Plaintiff seeks to compel further responses from ECMC with respect to numerous separate discovery requests. (ECF No. 28.)

4. ECMC contends that its Motion for Summary Judgment is dispositive of the entire case. Due to the extremely burdensome class action discovery sought by Plaintiff, ECMC respectfully requests that this Court stay any further class action discovery until a ruling is issued on the Motion for Summary Judgment.

5. Plaintiff has stated that he will oppose any stay of discovery. (See ECF No. 28 at 3:15.)

6. On December 1, 2015, I e-mailed Plaintiff's counsel to inform them of ECMC's intent to make this ex parte motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 1st day of December 2015, at Los Angeles, California.

s/David J. Kaminski
David J. Kaminski

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2015, a true and correct copy of the foregoing EX PARTE MOTION TO STAY CLASS ACTION DISCOVERY PENDING MOTION FOR SUMMARY JUDGMENT; DECLARATION OF DAVID J. KAMINSKI was filed through the ECF system, which will send notification of such filing to the following e-mail addresses:

alexis@consumersadvocates.com
kas@consumersadvocates.com
ron@consumersadvocates.com
DanielShay@TCPAFDCPA.com
kaminskid@cmtlaw.com
schannom@cmtlaw.com

Dated: December 1, 2015

s/David J. Kaminski
David J. Kaminski