1
2
3
4
5
6
7
8

9              **UNITED STATES DISTRICT COURT**

10           **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 11   AJ REYES, on behalf of himself and<br>all others similarly situated, | Case No. 3:15-cv-00628-BAS-JMA |
| 12 | |
| 13         Plaintiff, | **ORDER GRANTING IN PART**<br>**AND DENYING IN PART** |
| 14 | **DEFENDANT'S MOTION FOR**<br>**SUMMARY JUDGMENT** |
| 15      v. | |
| 16   EDUCATIONAL CREDIT<br>MANAGEMENT CORPORATION, | |
| 17         Defendant. | |

18

19       On March 20, 2015, Plaintiff AJ Reyes commenced this putative class action

20 against Defendant Educational Credit Management Corporation ("Defendant" or

21 "ECMC") alleging violations of the Telephone Consumer Protection Act ("TCPA"),

22 47 U.S.C. § 227, and the California Invasion of Privacy Act ("CIPA"), Cal. Penal

23 Code § 630 et seq. (ECF No. 1.) Plaintiff invokes this Court's jurisdiction under the

24 Class Action Fairness Act of 2005, which provides federal district courts with

25 original jurisdiction to hear a class action if the class has more than 100 members, the

26 parties are minimally diverse, and the matter in controversy exceeds $5 million in

27 sum or value. *See* 28 U.S.C. § 1332(d)(2), (d)(5)(B). Defendant now moves for

28 summary judgment. (ECF No. 25, "Def.'s Mot.") Plaintiff opposes. (ECF No. 49,

1  "Pl.'s Opp'n".) The parties submitted their Joint Statement of Undisputed Material
2  Facts regarding the motion for summary judgment on January 12, 2016. (ECF No.
3  42.)

4      The Court finds this motion suitable for determination on the papers submitted
5  and without oral argument.  *See* Civ. L. R. 7.1 (d)(1).  For the following reasons, the
6  Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion for
7  summary judgment. (ECF No. 25.)

8  **I.     BACKGROUND**

9      Defendant is a guaranty agency in the Federal Family Education Loan Program
10 ("FFELP") under the Higher Education Act of 1965, 20 U.S.C. § 1071, et seq.
11 ("HEA"). (Def.'s Mot. 1:4–6.) As such, Defendant helps to administer the FFELP as
12 a guarantor of federal student loans on behalf of the United States Department of
13 Education. (Def.'s Mot. 1:6–7.) In carrying out this role, ECMC is tasked with
14 "engag[ing] in reasonable and documented collection activities" on loans which have
15 gone into default. (Def.'s Mot. 1:9–13.) This action arises out of Defendant's
16 collection activities on Plaintiff's defaulted student loans. (Def.'s Mot. 1:13–14.)

17     The allegations are straightforward. Plaintiff alleges that Defendant violated
18 both the TCPA and the CIPA in the course of dealing with Plaintiff by phone
19 regarding his student loan debt. (Compl. ¶ 1.) Specifically, Plaintiff alleges that
20 Defendant negligently and willfully violated the TCPA when it placed an unsolicited
21 call to Plaintiff's cell phone via an "automatic telephone dialing system" ("ATDS")
22 on February 5, 2015, without Plaintiff's prior express consent. (Compl. ¶¶ 14–19.)
23 Further, Plaintiff alleges that Defendant violated the CIPA when it recorded two
24 private telephone conversations between Plaintiff and Defendant's representatives on
25 February 5, 2015, without Plaintiff's consent. (Compl. ¶¶ 22–25.)

26     Defendant now moves for summary judgment on all claims. Plaintiff opposes.

27 **II.    LEGAL STANDARD**

28     Under Federal Rule of Civil Procedure 56(c), "[t]he court shall grant summary

judgment if the [moving party] shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. The moving party can satisfy this burden in at least two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Id.* at 322-23. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

"The district court may limit its review to the documents submitted for the purpose of summary judgment and those parts of the record specifically referenced therein." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1030 (9th Cir. 2001). Therefore, the court is not obligated "to scour the record in search of a genuine issue of triable fact." *Kennan v. Allen*, 91 F.3d 1275, 1279 (9th Cir. 1996) (citing *Richards v. Combined Ins. Co. of Am.*, 55 F.3d 247, 251 (7th Cir. 1995)). If the moving party fails to discharge this initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 159-60 (1970).

If the moving party meets this initial burden, the nonmoving party cannot defeat summary judgment merely by demonstrating "that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*

1    *Corp.*, 475 U.S. 574, 586 (1986); *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216,

2    1221 (9th Cir. 1995) ("The mere existence of a scintilla of evidence in support of the

3    nonmoving party's position is not sufficient.") (citing *Anderson*, 477 U.S. at 252).

4    Rather, the nonmoving party must "go beyond the pleadings and by 'the depositions,

5    answers to interrogatories, and admissions on file,' designate 'specific facts showing

6    that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ.

7    P. 56(e)).

8         When making this determination, the court must view all inferences drawn

9    from the underlying facts in the light most favorable to the nonmoving party.  *See*

10   *Matsushita*, 475 U.S. at 587. "Credibility determinations, the weighing of evidence,

11   and the drawing of legitimate inferences from the facts are jury functions, not those

12   of a judge, [when] he [or she] is ruling on a motion for summary judgment."

13   *Anderson*, 477 U.S. at 255.

14   **III.   DISCUSSION**

15        Defendant moves for summary judgment on the grounds that (1) Plaintiff

16   expressly consented to Defendant calling his cell phone using an ATDS before

17   Defendant called Plaintiff on February 5, 2015; and (2) Defendant adequately advised

18   Plaintiff of its intent to record his calls by using an automated recording advisement

19   at the beginning of each call. (Def.'s Mot. 8:21–28.) In response, Plaintiff argues that

20   (1) he refused consent to receive calls to his cell phone during a May 10, 2013 phone

21   conversation with Defendant's representative; and (2) he did not hear a recording

22   advisement immediately prior to his recorded conversations with Defendant's

23   representatives on February 5, 2015. (Pl.'s Opp'n 8:23–9:10; 10:18–12:22.)

24        **A.   TCPA Claim**

25        Under the TCPA, it is unlawful for any person "to make any call (other than a

26   call made for emergency purposes or made with the prior express consent of the

27   called party) using any automatic telephone dialing system or an artificial or

28   prerecorded voice[]" to any cellular phone. 47 U.S.C. § 227(b)(1)(A)(iii). The Ninth

Circuit has listed the three elements of a TCPA claim as: "(1) the defendant called a cellular telephone number, (2) using an automatic telephone dialing system, (3) without the recipient's prior express consent."[1] *Meyer v. Portfolio Recovery Assocs.*, 707 F.3d 1036, 1043 (9th Cir. 2012).

Although the TCPA does not define the term "prior express consent," the Federal Communications Commission ("FCC") has clarified the meaning of the phrase in several oft-cited FCC orders. Two such orders are particularly instructive. In a 1992 Report and Order interpreting the TCPA, the FCC found that "[p]ersons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary." *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991,* 7 FCC Rcd. 8752, 8769 (1992). In a more recent Declaratory Ruling and Order, the FCC determined that "express consent can be demonstrated by the called party giving prior express oral or written consent or, in the absence of instructions to the contrary, by giving his or her wireless number to the person initiating the autodialed or prerecorded call." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 30 FCC Rcd. 7961, 7991-92 (2015). With regard to the interpretive authority of these

---

[1] There is a lack of consensus among district courts in the Ninth Circuit over the implications of *Meyer*. Some courts emphasize that the *Meyer* Court's inclusion of prior express consent as an element of a TCPA claim was made in the context of a preliminary injunction request, and was thus intended simply to frame the factors the court needed to consider in assessing plaintiff's likelihood of success on the merits. In the view of these courts, *Meyer* did not change prior interpretations that express consent is an affirmative defense for which the defendant bears the burden of proof. *See, e.g.*, *Van Patten v. Vertical Fitness Group, LLC*, 22 F. Supp. 3d 1069 (S.D. Cal. 2014); *Heinrichs v. Wells Fargo Bank, N.A.*, No. C 13–05434 WHA, 2014 WL 985558, (N.D. Cal. Mar. 7, 2014). Other courts have found that after *Meyer*, a TCPA plaintiff bears the burden to show lack of prior express consent. *See, e.g.*, *Smith v. Microsoft Corp.*, 297 F.R.D. 464, 471 n. 2 (S.D. Cal. 2014). The Court need not settle the debate here. Whether prior express consent is an element of a TCPA claim or an affirmative defense, ECMC will be entitled to summary judgment if it can demonstrate there is no genuine dispute that Plaintiff provided prior express consent. *See, e.g.*, *Van Patten*, 22 F. Supp. 3d at 1078 (granting defendant gym's motion for summary judgment on TCPA claim where there was no dispute that plaintiff provided his phone number upon joining the gym, thus consenting to receive text messages at that number).

determinations, "[t]his court is bound by the FCC's interpretations of the TCPA, unless those interpretations are invalidated by a court of appeals." *Reardon v. Uber Tech., Inc.*, 115 F. Supp. 3d 1090, 1097 (N.D. Cal. 2015) (citations omitted); 28 U.S.C. § 2342 *et seq.* (the "Hobbs Act").

Defendant moves for summary judgment of Plaintiff's TCPA claim, arguing that Plaintiff gave express consent for Defendant to call his cell phone using an ATDS before the February 5, 2015 call alleged in the Complaint. (Def.'s Mot. 4:11–18.) Defendant argues that Plaintiff provided express consent through the following conversation with Defendant's representative on July 24, 2013:

> Representative:   Okay, being that you only have your cell phone number for contact, can ECMC and its representatives call you on that cell phone using our automated dialer?
>
> Plaintiff:   Okay.

(Def.'s Mot. 4:24–5:4; Transcript of July 24, 2013 Telephone Conversation, Skerbinc Decl. Ex. E.) Additionally, Defendant argues that Plaintiff gave consent again on August 20, 2014, when he applied for rehabilitation of his student loan debt and signed a two-page document which included the following provision:

> I authorize the loan holder to which I submit this request (and its agents or contractors) to contact me regarding my request or my loan(s), including repayment of my loan(s), at the number that I provide on this form or any future number that I provide for my cellular telephone or other wireless device using automated telephone dialing equipment or artificial or prerecorded voice or text messages.

(Def.'s Mot. 5:9–21; Financial Disclosure for Reasonable and Affordable Rehabilitation Payments, Skerbinc Decl. Ex. F.). This provision is in plain text and located immediately above the signature line. (*See* Skerbinc Decl. Ex. F.)

In opposition, Plaintiff does not rebut Defendant's evidence that Defendant had

15cv628

prior express consent to call Plaintiff using an ATDS on February 5, 2015.[2] (*See* Pl.'s Opp'n 8:2–9:21.) Instead, Plaintiff argues that ECMC's call to him on July 24, 2013 violated the TCPA because, even though Plaintiff gave Defendant consent to use an ATDS *during* that call, such consent is not retroactive. (Pl.'s Opp'n 8:2–9:21.) Plaintiff argues that shortly before the July 24, 2013 call, on May 10, 2013, he explicitly denied consent through the following conversation:

> Representative:        If we need to contact you can ECMC and its representatives call you at your current or future cell phone using our automated dialer?
>
> Plaintiff:                No.

(Pl.'s Opp'n 2:1–4; Transcript of May 10, 2013 Telephone Conversation, Gallucci Decl. Ex. 1.)

### 1.  The February 5, 2015 Call

The Court finds that there is no genuine dispute that Plaintiff provided express consent to Defendant prior to the February 5, 2015 call that forms the basis of the TCPA claim. Plaintiff makes no assertion, let alone presents any evidence, to the contrary. Although Plaintiff establishes that he refused consent during a call on May 10, 2013, *see* Joint Statement of Undisputed Material Facts ¶ 4, the record indicates that Plaintiff subsequently provided express consent both orally and in writing to be called on his cell phone with an ATDS, and that this consent was provided prior to the February 5, 2015 call. At minimum, Plaintiff gave Defendant express consent orally during the July 24, 2013 phone call with Defendant's representative (Skerbinc Decl. Ex. E.) and on August 20, 2014, when he applied for rehabilitation of his debt and certified by signature that ECMC could contact him at his cell phone number. (Skerbinc Decl. Ex. F.) Plaintiff has failed to designate "specific facts showing that

---

[2] There is no dispute between the parties as to the contents of the July 24, 2013 call or the contents of the Financial Disclosure form signed by Plaintiff on August 20, 2014. (Joint Statement of Undisputed Material Facts, ¶¶ 5–7.)

there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. Accordingly, the Court finds there is no genuine dispute that ECMC had prior express consent before placing the February 5, 2015 call. ECMC's motion for summary judgment on the TCPA claim is therefore **GRANTED**.

### 2. Plaintiff's New Allegations Regarding the July 24, 2013 Call

Plaintiff responds to Defendant's undisputed evidence by raising a new allegation: that Defendant did not have consent to call Plaintiff's cell phone with an ATDS on July 24, 2013. However, Plaintiff did not allege the July 24, 2013 call in his Complaint nor request leave to amend his Complaint. For the following reasons, the Court declines to consider Plaintiff's factual allegations raised for the first time in opposition to Defendant's motion for summary judgment.

"Federal Rule of Civil Procedure Rule 8(a)(2) requires that the allegations in the complaint give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006) (internal quotation marks and citation omitted). A plaintiff has not provided fair notice of his claim when he brings new allegations for the first time in opposition to a motion for summary judgment. *See id.* at 969; *Burrell v. Cty. of Santa Clara*, No. 11-CV-04569-LHK, 2013 WL 2156374, at *11 (N.D. Cal. May 17, 2013) (refusing to consider facts and causes of action raised for the first time at summary judgment); *Quality Res. & Servs., Inc. v. Idaho Power Co.*, 706 F. Supp. 2d 1088, 1096 (D. Idaho 2010) (declining to consider new factual allegations raised for the first time in opposition to a motion for summary judgment).

*Pickern* is instructive. In that case, the plaintiff alleged that Pier 1 violated the Americans with Disabilities Act by failing to remove architectural barriers and construct an access ramp to one of its stores. *Pickern*, 457 F.3d at 965-66. In response to Pier 1's motion for summary judgment, Pickern raised new allegations of accessibility violations that were not raised in the complaint. *Id.* The district court refused to consider the new allegations and granted summary judgment for Pier 1. *Id.*

at 966. The Ninth Circuit affirmed, reasoning that Pickern failed to provide Pier 1 with adequate notice of her claim where she raised new allegations for the first time in opposition to Pier 1's motion for summary judgment. *Id.* at 968-69. The court noted that Pickern "might have proceeded by filing a timely motion to amend the complaint," but that he did not do so. *Id.* at 969.

Like the plaintiff in *Pickern*, Plaintiff here raises new factual allegations for the first time in his opposition to Defendant's motion for summary judgment. Plaintiff's complaint alleges only one call as the basis for his claim under the TCPA: the call to his cell phone on February 5, 2015. (Compl. ¶¶ 14–19.) Now, after the time to amend his Complaint has passed, Plaintiff seeks to save his TCPA claim by arguing that Defendant violated the TCPA on July 24, 2013. (Pl.'s Opp'n 8:2–9:21.) However, Plaintiff's Complaint is devoid of any allegations relating to the call on July 24, 2013, and Plaintiff at no point sought leave to amend his Complaint to include these allegations. Indeed, the Court on October 5, 2015 continued the parties' deadline "to file any motion to join other parties, to amend the pleading, or to file additional pleadings" from October 15, 2015 until November 19, 2015. Despite this extension, Plaintiff never sought leave to amend his Complaint. (ECF No. 20, 1:8–11.)

For these reasons, the Court declines to consider Plaintiff's allegations regarding the July 24, 2013 call.[3] The Court notes also that allegations regarding whether the July 24, 2013 call violated the TCPA are irrelevant to the prior express

---

[3] Defendant correctly argues that because the deadline to amend the pleadings set forth in the Scheduling Order has passed, Plaintiff's ability to amend his Complaint at this stage is governed by Rule 16. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Under Rule 16, Plaintiff would be required to show "good cause" for his inability to meet the deadline set forth in the Scheduling Order. *See id.*; *Johnson v. Mammoth Recreations, Inc.* 975 F.2d 604, 608 (9th Cir. 1992); *See* Fed. R. Civ. P. 16(b). The good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson,* 975 F.2d at 609. Here, Plaintiff has not attempted to show good cause for his failure to seek leave to amend. The Court notes that Plaintiff likely could not satisfy the good cause standard where Defendant produced a recording of the July 24, 2013 call on August 17, 2015, before Plaintiff's deadline to seek leave to amend.

15cv628

consent issue at the heart of Defendant's motion for summary judgment on the TCPA claim. Accordingly, possible allegations regarding the July 24, 2013 call—allegations of which ECMC has not received fair notice—do not change the Court's determination that ECMC is entitled to summary judgment on Plaintiff's TCPA claim.

### B.  The CIPA Claim

Under California Penal Code Section 632.7, it is unlawful for any person to intentionally record a telephone conversation without the consent of all parties to that communication. Cal. Penal Code § 632.7(a). The statute provides, in relevant part:

> Every person who, without the consent of all parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone, shall be punished[.]

Cal. Penal Code § 632.7(a). A person injured under Section 632.7 may bring a civil action for damages and injunctive relief against the person who committed the violation.  Cal. Penal Code § 637.2.

Consent is a complete defense to a claim under § 632.7. *Maghen v. Quicken Loans Inc*., 94 F. Supp. 3d 1141, 1145 (C.D. Cal. 2015). Accordingly, the statute simply prohibits parties "from recording the conversation without first informing all parties to the conversation that the conversation is being recorded." *Kearney v. Salomon Smith Barney, Inc.*, 137 P.3d 914, 930 (Cal. 2006). The California Supreme Court has stated that "[A] business that adequately advises all parties to a telephone call, at the outset of the conversation, of its intent to record the call would not violate the provision." *Id.* However, a warning at the outset of a conversation is not necessary in every circumstance. *Maghen*, 94 F. Supp. 3d at 1145 (C.D. Cal. 2015).

Defendant moves for summary judgment, producing evidence to support the argument that ECMC uses a recording advisement at the outset of every incoming

1    call and that Plaintiff could not have bypassed this recording advisement. (Def.'s

2    Mot. 8:21–28.) Defendant also shows that even if Plaintiff did not hear the recording

3    advisement before the two calls on February 5, 2015, Plaintiff had prior awareness of

4    ECMC's policy to record phone conversations because Plaintiff, during previous

5    calls, either received the advisement or was told by an ECMC representative that

6    "calls are being recorded." (Def.'s Mot. 9:7–13.) In opposition, Plaintiff argues that

7    he did not hear the recording advisement before either of his conversations with

8    Defendant's representatives on February 5, 2015[4] because the recording is *non-*

9    *mandatory* and there were agents available to take his call. (Pl.'s Opp'n 10:18–11:4;

10   12:14–22.)

11        Defendant provides the declaration of Jennifer Skerbinc, a Litigation Specialist

12   for ECMC, in support of its argument that Plaintiff could not have bypassed the

13   recording advisements. (Def.'s Mot. 8:21–28.) Ms. Skerbinc explains that the

14   following automated voice message is played for all incoming calls to ECMC:

15   "Thank you for calling ECMC. This call is being recorded. Please hold while we

16   connect you to an available representative." (Skerbinc Decl. ¶ 26.) She further states,

17   "[T]his message has been used by ECMC since approximately December 13, 2012.

18   A caller cannot bypass this message." (*Id.*)

19        Plaintiff provides affidavits and other evidence to argue that he did not hear

20   the recording either time he called Defendant on February 5, 2015 because he was

21   connected directly to a representative both times. (Pl.'s Opp'n 11:11–15.) Plaintiff's

22   declaration states:

23        "I placed two calls to ECMC on February 5, 2015 from my cellphone.
          During both of these calls I did not receive any warning that the calls
24        would be recorded. Specifically, I did not receive a recorded warning
          informing me the calls would be recorded, nor was I advised by the
25

26

27   [4] Plaintiff also argues that he did not hear the recording advisement during his call with Defendant's
     representative on February 9, 2015. (Pl.'s Opp'n 11:15–20.) However, Plaintiff's Complaint does
28   not include allegations relating to the February 9, 2015 call. (*See generally* Compl.) Accordingly,
     the Court declines to consider these allegations.

> ECMC representative that the calls would be recorded. On both calls on February 5, 2015, I directly reached a live person without waiting for a recording to be played or otherwise holding for an available representative."

(Reyes Decl. ¶¶ 3-4.) Plaintiff further argues that the automatic recording advisement used by ECMC is *non-mandatory*, such that callers can bypass the advisement and connect directly with an agent if there is an agent available to speak with them. (Pl.'s Opp'n 11:11–15.) Plaintiff states that Noble Systems is the third party that defendant uses for its dialing and recording equipment, and he produces the Noble Systems User Manual to establish that recorded messages can be mandatory or nonmandatory.[5] (Pl.'s Opp'n 11:21–12:13.) This is sufficient to raise a triable issue of material fact. Defendant offers no evidence to specifically rebut Plaintiff's evidence that its recording advisement can be nonmandatory and therefore could have been bypassed when Plaintiff called Defendant on February 5, 2015.

Defendant also fails to establish a lack of genuine dispute as to whether Plaintiff consented to have the February 5, 2015 calls recorded based on Plaintiff's awareness that ECMC had recorded previous calls. Although Defendant correctly notes that this Court has stated that prior awareness of a practice to record may be sufficient to demonstrate consent to being recorded in the future, *see NEI Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc.*, No. 3:12-CV-01685-BAS, 2015 WL 1346110, at *3 (S.D. Cal. Mar. 24, 2015), this Court also noted in *NEI Contracting* that such a determination is a question of fact for the jury. *Id.*

Viewing the evidence in the light most favorable to Plaintiff, the Court finds there is a triable issue of material fact as to whether Plaintiff consented to the February 5, 2015 call recordings. In response to ECMC's assertions and evidence that callers cannot bypass the recording advisement, Plaintiff meets his burden by declaring that he did not hear the advisements because they are nonmandatory, and

---

[5] ECMC does not dispute that it uses Noble Systems "for certain dialing services." (Joint Statement of Undisputed Material Facts, ¶ 19.)

by producing unrebutted evidence (in the form of the Noble Systems User Manual) raising the possibility that ECMC's recording advisement is nonmandatory and therefore could have been bypassed.

"Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions," not those of a judge ruling on a motion for summary judgment. *Anderson*, 477 U.S. at 255. The Court finds that a reasonable fact-finder could conclude that Plaintiff did not receive a recording advisement, or otherwise give Defendant consent to record his calls on February 5, 2015. Thus, whether Plaintiff consented to the recordings is a genuine issue for trial. Defendant's motion for summary judgment on the CIPA claim is therefore **DENIED**.

## IV. CONCLUSION & ORDER

For the foregoing reasons, Defendant's Motion for Summary Judgment is **GRANTED IN PART** and **DENIED IN PART**. The Court grants summary judgment for Defendant on Plaintiff's TCPA claim and denies summary judgment on Plaintiff's CIPA claim.  (ECF No. 25.)

**IT IS SO ORDERED.**


**DATED:  May 19, 2016**

Hon. Cynthia Bashant
United States District Judge