# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AJ REYES, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EDUCATIONAL CREDIT MANAGEMENT CORPORATION,<br><br>Defendant. | Case No. 15-cv-00628-BAS-AGS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S *EX PARTE* APPLICATION FOR A TEMPORARY STAY OF DISTRICT COURT PROCEEDINGS**<br><br>**[ECF No. 120]** |

Presently before the Court is Defendant ECMC's *ex parte* application to stay the proceedings in this Court pending the resolution of the Federal Rule of Civil Procedure 23(f) petition Defendant filed with the Ninth Circuit Court of Appeals on October 3, 2017. (ECF No. 120.) Plaintiff AJ Reyes filed an opposition to Defendant's *ex parte* application. (ECF No. 121.) For the reasons set forth below, the Court grants in part and denies in part ECMC's *ex parte* application for a temporary stay of all proceedings.

**I.     BACKGROUND**

Plaintiff AJ Reyes brought this suit over two and half years ago against Defendant Educational Credit Management Corporation ("ECMC") on behalf of a putative class alleging violations of California's Invasion of Privacy Act ("CIPA"),

Cal. Penal Code § 630 *et seq*. (ECF No. 1, Compl. ¶¶82−92.) Specifically, the Complaint alleges that ECMC violated §632.7(a) of the CIPA in the course of dealing with the Plaintiff and other putative class members by recording their cellular phone calls without their consent.

On September 19, 2017, this Court granted Plaintiff's Motion for Class Certification pursuant to Rule 23 and appointed Plaintiff Reyes as class representative. (ECF No. 113.) Subject to certain exclusions, the class the Court certified is:

> All individuals who, between August 2, 2014, to March 31, 2015, inclusive (the "Class Period"), participated in an inbound telephone conversation with a live representative of ECMC that was: (1) placed to an ECMC phone line that used the non-mandatory message setting for its admonition that the call is being recorded; (2) made from a telephone number that includes a California area code; (3) transmitted via cellular telephone; and (4) recorded without the caller's consent. (*Id.* at 7.)

In certifying this class, the Court observed that the fourth part of the class definition was compelled by the class allegations in the Complaint. (*Id*. at 6.) Although Plaintiff Reyes moved to certify a class which removed the lack of consent feature (ECF No. 76-1 at 1), the Court noted that it could not broaden the class beyond the class alleged in the Complaint (ECF No. 113 at 6).

On October 3, 2017, ECMC filed a Petition for Leave to Appeal the Class Certification Order (the "Petition") with the Ninth Circuit. (ECF No. 120 Ex. A.) ECMC's Petition presents three issues: (1) whether Plaintiff Reyes can represent the certified class when "the evidence cited by the District Court demonstrates that [he] is not a class member"; (2) if Plaintiff Reyes can represent the class, can Rule 23's requirements be met "when the evidence cited to certify the class was deemed unreliable by the District Court"; and (3) did the District Court certify an

"impermissible failsafe class" by adding the language "recorded without the caller's consent" to the class definition. (*Id.* at 1.)

ECMC filed the instant *ex parte* application to stay proceedings in this Court pending the resolution of its Petition. The Ninth Circuit has not accepted the Petition as of the date of this Order. Plaintiff Reyes has also filed an answer in opposition to ECMC's Petition. (*See Reyes v. Ed. Credit Mgmt.Corp.*, No. 17-80199, ECF No. 11 (9th Cir. Oct. 13, 2017).)

## II.    DISCUSSION

### A.    *Ex Parte* Application

As an initial matter, the Court observes that ECMC has brought its request for a stay through an *ex parte* application to the Court, outside of the Court's regular noticed motion procedures. ECMC provides no justification for seeking a stay on an *ex parte* basis. ECMC's *ex parte* application also failed to comply with the Local Rules and this chamber's Standing Order requiring ECMC to submit an affidavit or declaration with its *ex parte* application documenting its meet and confer efforts. *See* Civ. L.R. 83.3(g); Standing Order at 7. ECMC's failure to comply with these rules would be a sufficient basis to deny its application for *ex parte* relief. However, Plaintiff has responded to ECMC's opposition. (ECF No. 121.) Being presented with full briefing on whether a stay should be imposed, the Court will address its merits.

### B.    Legal Standard for Stay

Federal Rule of 23(f) provides a mechanism for interlocutory appeal of a court's order granting or denying class certification. Such appeals do "not stay proceedings in the district court unless the district court or the court of appeals so orders." Fed. R. Civ. P. 23(f). "A stay is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418 (2009). The decision of whether to grant a stay is an "exercise of judicial discretion" and "the propriety of its issue is dependent upon the circumstances of the particular case." *Id.* A court

balances four factors in determining how to exercise its discretion: (1) whether the movant is likely to succeed on the merits; (2) whether the movant is likely to suffer irreparable harm in the absence of a stay; (3) whether the issuance of the stay would not substantially harm the non-moving party; and (4) whether a stay will serve the public interest. *Rainbow Bus. Solutions v. Merch. Servs., Inc.*, No. C 10-1993 CW, 2014 WL 1783945, at *1 (N.D. Cal. May 5, 2014). The first two factors of the standard "are the most critical." *Id.*

The factors are examined on a "flexible continuum" or "sliding scale approach." *Aguayo v. U.S. Bank*, No. 08-cv-2139 W (BLM), 2015 WL 13344756, at *1 (S.D. Cal. June 26, 2015). Specifically, a party seeking a stay must either (1) make a strong showing it is likely to succeed on the merits and show it will be irreparably harmed absent a stay, or (2) demonstrate that its appeal presents a serious question on the merits and the balance of hardships tilts sharply in its favor." A stay may be appropriate if the party moving for a stay demonstrates that serious legal questions are raised and the balance of hardships tips sharply in its favor. *Morse v. Servicemaster Global Holdings, Inc.*, Nos. C 10–00628, C 08–03894, C 09–04044, C 09–05152, C 09–05153, 2013 WL 123610, at *2 (N.D. Cal. Jan. 8, 2013).

### C. Propriety of a Temporary Stay of All Proceedings in this Case

#### 1. Likelihood of Success on the Merits

ECMC contends that each of the issues identified in its Petition constitutes a serious legal question. It has not argued it has a likelihood of success on the merits. Plaintiff strongly disputes that ECMC has raised any serious legal question and emphasizes that the Ninth Circuit only grants Rule 23(f) petitions in rare circumstances.

The Court does not find that the first and second issues identified in ECMC's Petition present serious legal questions. "For a legal question to be serious, it must be a question going to the merits so serious, substantial, difficult and doubtful, as to the make the issues ripe for litigation and deserving of more deliberate investigation."

*Guifu Li v. A Perfect Franchise, Inc.,* No. 5:10-cv-01189-LHK, 2011 WL 2293221 at *3 (N.D. Cal. June 8, 2011). Rather than presenting such serious legal questions, ECMC seeks to re-litigate objections this Court overruled in the class certification order and also misconstrues that order.

More specifically, as to the Petition's first issue about whether Plaintiff is an adequate class representative, ECMC seeks to litigate a merits issue as to its defenses to potential liability. In its Petition, ECMC claims that the hold time data shows that Plaintiff is not a part of the certified class because "he was on hold for much longer than necessary to hear ECMC's Recording Disclosure." (ECF No. 120 at 3.) As the Court determined, ECMC's hold time data defense is not specific to Plaintiff, but rather applies to all class members. (ECF No. 113 at 24.) Therefore, it does not support a conclusion that Plaintiff Reyes is not an adequate class representative.

Regarding the Petition's second issue about whether there was "insufficient evidence" to certify the class, the Petition is premised on an incorrect interpretation of the Court's class certification order. The order did not call into question the *reliability* of ECMC's hold time data, but rather ECMC's *questionable representations* to the Court and Plaintiff about the significance of that data. (*Id.* at 13.) The Court determined that the hold time data can "provide an objective record" that is plausibly susceptible to classwide proof and consequently overruled ECMC's assertion that no class could ever be certified because of the possibility of "unmanageable individualized inquiries." (*Id.* at 12−14.)

The Petition's third issue is whether the certified class is an "impermissible failsafe class." ECMC has identified a Ninth Circuit decision in which the Court appears to have granted a Rule 23(f) Petition to determine whether the certified class was an impermissible failsafe class, although the court ultimately found the class was not failsafe. *See Kamar v. RadioShack*, 375 Fed. App'x 734, 736 (9th Cir. 2010). ECMC argues that the current class definition creates a situation in which either (1) all the Plaintiff and the class members need to do to prevail is demonstrate that their

inbound calls were recorded without their consent or (2) if they fail to demonstrate that they were recorded without consent, the class does not exist. (ECF No. 120 at 5.) The Court accepts that the Petition's third issue may raise a serious legal question about the certified class in light of §632.7(a)'s consent element.

Even so, the Court observes that there exists at the District Court level various mechanisms for addressing the failsafe issue that would obviate the need to appeal the class certification order. The most immediate example is that a class certification order is subject to revision by the district court *at any time* before final judgment. Fed. R. Civ. P. 23(c)(1)(C). A request from either party to amend the order on this basis would be well received. In recognition of the Court's power to narrow, rather than expand a class, *Costelo v. Chertoff*, 258 F.R.D. 600, 604−05 (C.D. Cal. 2009), the Court is open to a request from Plaintiff for leave to file an amended complaint amending its class allegations to remove the "without the caller's consent" feature, which would obviate the need for an appeal on the failsafe issue.

### 2. Irreparable Harm to the Parties and Class Members

ECMC argues that it will suffer irreparable harm without a temporary stay of the proceedings because it will incur significant expenses in preparing to try this case as a class action and in providing class notice and any curative notice that might be necessary. (ECF No. 120 at 5-6.)

The costs of pretrial litigation may amount to an irreparable harm when granting the stay would avoid substantial, unrecoverable, and wasteful discovery costs; when the costs would impose serious burdens that an appeal would avoid; or when pretrial litigation would moot an appeal. *See Pena v. Taylor Farms Pac., Inc.*, No. 2:13-cv-01282-KJM-AC, 2015 WL 5103157, at *4 (E.D. Cal. Aug. 31, 2015) (citing cases). But costs may not amount to an irreparable harm, particularly where the costs would be inevitable regardless of the appeal's outcome, or where the costs can be avoided by a tailored stay. *Id.* Here, costs associated with any proceedings, discovery, or orders that do not rely upon the challenged class certification would not

be affected by any decision ECMC's Petition. *Gilman v. Davis*, No. CIV. S-05-830 LLK/GGH, 2009 WL 3365858, at *4 (E.D. Cal. Oct. 15, 2009). At most, a stay delays, rather than avoids altogether, those costs. *Id*.

The Court does not find that ECMC has shown an irreparable harm that would warrant a stay of all district court proceedings at this time. The costs associated with trying this case as a class action, including class discovery, will not be rendered unnecessary by the Ninth Circuit's resolution of ECMC's Petition. *See, e.g., Amaro v. Gerawan Farming, Inc.*, No. 1:14-cv-00147-DAD-SAB, 2016 U.S. Dist. LEXIS 157409, at *9 (E.D. Cal. Nov. 14, 2016) (no irreparable injury where it was "unclear how discovery . . . will be rendered unnecessary" by Ninth Circuit's potential reversal of class certification order). Here, the Court fails to see how this case will not proceed as a class action whether on the current certified class or a modified one. Plaintiff has filed a motion for leave to amend to add a new putative class representative and modify the certification order, which will need to be adjudicated. (ECF No. 125.) Even if the Ninth Circuit decertifies the class as impermissibly failsafe, there are also mechanisms available to certify a class that is not failsafe. That potential class likely will be larger than the currently certified class of individuals who did not consent to be recorded by ECMC. If the Ninth Circuit modifies or upholds the certified class, the costs associated with trying this case as a class action also will not have been in vain.

On the other hand, the Court believes that a stay of all proceedings could potentially harm the Plaintiff and the class by delaying the proceedings and the benefits of the requested injunctive relief. With respect to delay, the Ninth Circuit has not accepted the Petition, and there is no indication that it will be accepted soon. Even if the Petition is accepted, it likely will take several months for briefing to be completed and for a decision to be issued. Such delays can constitute a harm to the Plaintiff. *See, e.g., Thorpe v. District of Columbia*, 306 F.R.D. 6, 11 (D.D.C. 2014) (delay of "more than a couple of months" resulting from Rule 23(f) appeal constituted

harm to plaintiffs' ability to take discovery if stay were granted). Staying all proceedings will also harm the Plaintiff and the class by "depriv[ing] some class members of the opportunity to benefit from any [injunctive] relief that is obtained." *Id.* Contrary to ECMC's argument that this action is aimed at collecting damages for past harm, Plaintiff has alleged an injunctive class specifically aimed at ensuring that ECMC does not continue to engage in its allegedly unlawful conduct. (ECF No. 113.) Further delay in this case is harmful to them.

However, the Court finds that there is potential irreparable harm to the class if notice is prematurely disseminated. It is important to recognize that this is a harm *to class members* because of the potential confusion it can cause.[1] *See, e.g., Brown v. Wal-Mart Stores, Inc.*, No. 5:09-cv-03339-EJD, 2012 WL 5818300, at *4 (N.D. Cal. Nov. 15, 2012) (irreparable harm to class where parties "risk generating confusion among class members" by disseminating notice that could require curative notice). Where the potential irreparable harm concerns a specific aspect of the proceedings, courts have developed tailored stay procedures to address that harm rather than permitting a full stay. *See, e.g., Thorpe*, 306 F.R.D. at 11 (staying expert discovery but not fact discovery), *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 286 F.R.D. 88, 94 (D.D.C. 2012) (staying class notice but not expert discovery). Here, the Court will adopt a tailored procedure temporarily staying proceedings concerning class notice, including the requirement that the parties jointly submit a proposed class notice and notice dissemination plan. The Court, however, will permit all other proceedings to continue, including class discovery.

---

[1] Although ECMC argues that the costs it would incur from providing a class notice now would constitute an irreparable harm, it identifies no authorities holding or otherwise suggesting that costs associated with providing class notice constitute such a harm warranting a stay. Premature notice can constitute a harm to the moving party where, for example, it could damage the reputation of the defendant. *See, e.g., Willcox v. Lloyds, TSB Bank, PLC*, Civ. No. 13-00508 ACK-RLP, 2016 U.S. Dist. LEXIS 28959, at *18−19 (D. Haw. Mar. 7, 2016).

### 3. Whether a Stay Will Serve the Public Interest

Lastly, the public interest cautions against granting a temporary stay of all proceedings in this action. ECMC argues that the public interest warrants a stay because any notice disseminated will cause confusion. Although the Court accepts this argument, *see, e.g.*, *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 286 F.R.D. at 94 (public interest warrants not proceeding with class notice while a Rule 23(f) petition is pending), it points toward a tailored stay of class notice approval and dissemination, not of all proceedings. More importantly, the public interest does not warrant a stay of all proceedings given the length of time this case has been pending and the underlying allegations. This case is over two and a half years old. California residents have an interest in the efficient prosecution of California's privacy laws and seeking to hold those who violate those laws accountable. The public interest will not be served by a stay of all proceedings at this time.

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** ECMC's request for a temporary stay of the proceedings.

It is **HEREBY ORDERED THAT**:

1. All proceedings relating to class notice, including the obligation of the parties to jointly submit a proposed class notice and notice dissemination plan, are **TEMPORARILY STAYED**. If the Ninth Circuit accepts ECMC's Petition, the stay on class notice will extend until the Ninth Circuit issues a decision on ECMC's appeal. If the Ninth Circuit does not accept ECMC's Petition, ECMC must immediately notify the Court of its denial, and the parties must jointly submit a proposed class notice and notice dissemination plan based on the certified class (ECF No. 113) within 30 days of the denial of the Petition.
2. The Court **VACATES the October 17, 2017 deadline** for the parties to file a proposed class notice and notice dissemination plan.

3. All other proceedings, including class discovery proceedings, are **NOT STAYED** at this time.

4. If the Ninth Circuit accepts ECMC's Petition, ECMC is **HEREBY PERMITTED** to submit a properly noticed motion for a stay as to all other proceedings.

**IT IS SO ORDERED.**

DATED: October 17, 2017

Hon. Cynthia Bashant
United States District Judge