# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AJ REYES, <br><br> Plaintiff, <br><br> v. <br><br> EDUCATIONAL CREDIT MANAGEMENT CORPORATION, <br><br> Defendant. | Case No. 15-cv-00628-BAS-AGS <br><br> **ORDER:** <br><br> **(1) GRANTING MOTION TO STAY [ECF No. 137]** <br><br> **AND** <br><br> **(2) DENYING WITHOUT PREJUDICE MOTION TO AMEND PLEADINGS [ECF No. 125]** |

Presently before the Court are two motions filed by each respective party. Plaintiff AJ Reyes seeks leave to file an amended complaint. The proposed amendments concern adding a new named plaintiff to the case and amending the allegations pertaining to the class definition. (ECF Nos. 125-1, 128.) Defendant ECMC has renewed its request for a stay of all district court proceedings pending the Ninth Circuit's disposition of the Rule 23(f) appeal of this Court's class certification order. (ECF No. 137.) For the reasons stated below, the Court grants Defendant's motion to stay. Because the Court grants the motion to stay, the Court denies without prejudice Plaintiff's motion to amend the pleadings.

## DISCUSSION

Federal Rule of 23(f) provides a mechanism for interlocutory appeal of a court's order granting or denying class certification. Such appeals do "not stay proceedings in the district court unless the district court or the court of appeals so orders." Fed. R. Civ. P. 23(f). "A stay is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418 (2009). The decision of whether to grant a stay is an "exercise of judicial discretion" and "the propriety of its issue is dependent upon the circumstances of the particular case." *Id*. A court balances four factors in determining how to exercise its discretion: (1) whether the movant is likely to succeed on the merits; (2) whether the movant is likely to suffer irreparable harm in the absence of a stay; (3) whether the issuance of the stay would not substantially harm the non-moving party; and (4) whether a stay will serve the public interest. *Rainbow Bus. Solutions v. Merch. Servs., Inc.*, No. C 10-1993 CW, 2014 WL 1783945, at *1 (N.D. Cal. May 5, 2014). The first two factors of the standard "are the most critical." *Id.*

The factors are examined on a "flexible continuum" or "sliding scale approach." *Aguayo v. U.S. Bank*, No. 08-cv-2139 W (BLM), 2015 WL 13344756, at *1 (S.D. Cal. June 26, 2015). Specifically, a party seeking a stay must either (1) make a strong showing it is likely to succeed on the merits and show it will be irreparably harmed absent a stay, or (2) demonstrate that its appeal presents a serious question on the merits and the balance of hardships tilts sharply in its favor." A stay may be appropriate if the party moving for a stay demonstrates that serious legal questions are raised and the balance of hardships tips sharply in its favor. *Morse v. Servicemaster Global Holdings, Inc.*, Nos. C 10-00628, C 08-03894, C 09-04044, C 09-05152, C 09-05153, 2013 WL 123610, at *2 (N.D. Cal. Jan. 8, 2013).

The Court previously considered whether a stay in this case was warranted when Defendant filed its Rule 23(f) petition with the Ninth Circuit. (ECF No. 127.) The Ninth Circuit granted Defendant's petition after the Court issued its order on the

earlier stay request. (ECF No. 133.) The grant of the petition satisfies the first factor for a stay and also alters the calculus of the harms that Defendant faces if proceedings in this Court proceed. Although the Court previously determined that the equities did not tip sharply in favor of a full stay of the proceedings (ECF No. 127), it is clear that Defendant faces the risk of litigating on two fronts now that its petition has been granted. Indeed, Plaintiff seeks to add a new class plaintiff to this case and amend the class certification order currently on appeal to name that plaintiff as a class representative. (ECF Nos. 125, 128-1.) Both parties also face the risk of potentially wasteful expenditure of resources if the proceedings are not stayed, including Plaintiff who disputes whether the certified class is a failsafe class. (ECF No. 138 at 5–6.) Lastly, the public interest is best served by the avoidance of potentially conflicting judicial pronouncements regarding this case. For example, any ruling on Plaintiff's motion for leave to amend presents a risk that this Court might issue a decision that would conflict with the Ninth Circuit's jurisdiction over the Rule 23(f) appeal or the Ninth Circuit's ultimate resolution of that appeal.

## CONCLUSION & ORDER

For the foregoing reasons, the Court **GRANTS** Defendant's motion to stay. (ECF No. 137.) All district court proceedings in this case are **HEREBY STAYED**. Either party may file a request to lift the stay within seven days of the Ninth Circuit's decision on Defendant's Rule 23(f) appeal.

The Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion to add Beheshta Mahboob as a named plaintiff and add her as a class representative to the certified class. (ECF Nos. 125-1; 128.) Plaintiff is hereby permitted to refile a motion for leave to amend the pleadings within fourteen days of the Ninth Circuit's decision on Defendant's Rule 23(f) appeal.

**IT IS SO ORDERED.**

Hon. Cynthia Bashant
United States District Judge

**DATED: March 13, 2018**