# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AJ REYES, on behalf of himself and all others similarly situated,<br><br>                Plaintiff,<br><br>   v.<br><br>EDUCATION CREDIT MANAGEMENT CORPORATION,<br><br>                Defendant. | Case No. 15-cv-00628-BAS-AGS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE PLEADINGS**<br><br>**[ECF No. 147]** |

Before the Court is Plaintiff's Motion for Leave to Amend the Pleadings ("Motion"), seeking to add Beheshta Mahboob as a putative class representative in this action. (Mot. to Am. Pleadings ("Mot."), ECF No. 147.) Defendant opposes the Motion. (Opp'n to Mot. to Amend Pleadings ("Opp'n"), ECF No. 149.) For the reasons stated below, the Court **GRANTS** the Motion.

## I.  RELEVANT BACKGROUND

Plaintiff filed a class action complaint on March 20, 2015 alleging that Defendant violated the Telephone Consumer Protection Act ("TCPA") and California Invasion of Privacy Act ("CIPA") by recording phone calls with its customers without their consent. (Compl., ECF No. 1.) Plaintiff alleges that Defendant failed to include a prerecorded advisement (the "Recording Disclosure") to inform Plaintiff and the putative class that the

calls would be recorded because Defendant improperly set the advisement as a non-mandatory message for certain inbound lines. (*See id.* ¶ 29; Mot. at 2.)

On November 30, 2015, Defendant filed a Motion for Summary Judgment. (Mot. for Summ. J., ECF No. 25.) The Court granted summary judgment as to the TCPA claim and denied it as to the CIPA claim. (Order re Mot. for Summ. J., ECF No. 50.)

On February 24, 2017, Plaintiff moved to certify the class. (ECF No. 76.) Plaintiff then requested an extension of time to amend the pleadings in June 20, 2017. (ECF No. 98.) Plaintiff attached to his request a declaration by Beheshta Mahboob, stating that she did not learn that she was recorded by Defendant during a phone call until June 14, 2017 and intended to be added to Plaintiff's litigation as a class representative. (Dec. of Beheshta Mahboob ("Mahboob Dec.") ¶¶ 4–5, ECF No. 98-4.) The Court subsequently granted the motion and extended the deadline to amend until October 11, 2017. (ECF No. 118.)

The Court certified the class on September 20, 2017. (ECF No. 113.) Defendant appealed the order on October 4, 2017. (ECF No. 117.) On October 11, 2017, Plaintiff moved to amend the pleadings to add Ms. Mahboob as a putative class representative and to amend the class certification order to reflect this change. (Mot. for Leave to File Amendment, ECF No. 125.) Defendant then filed a Motion to Stay the case in this Court pending appeal of the class certification order, which the Court granted on March 13, 2018. (Mot. to Stay, ECF No. 137; Order Granting Mot. to Stay ("Stay Order"), ECF No. 143.) In light of the stay, the Court denied Plaintiff's motion to amend to add Ms. Mahboob as a class representative but permitted Plaintiff to refile the motion within two weeks of the Ninth Circuit's ruling on the appeal. (Order Granting Mot. to Stay at 3.)

On July 23, 2019, the Ninth Circuit vacated the class certification order and remanded the action. (*Reyes v. Educ. Credit Mgmt. Corp.*, No. 17-56930 at 3 (9th Cir. July 23, 2019), Ex. A to Joint Notice of Ninth Circuit Ruling and Request to Lift the Stay, ECF No. 146-1.) In its order, the Ninth Circuit stated the following:

> We therefore vacate and remand so the district court may determine whether Reyes has met his burden of proving that he did not hear the recording

>  warning. If he did hear the warning, he cannot be a member of the class as currently defined and the lawsuit should be dismissed.

(*Id.*)

On August 6, 2019, Plaintiff filed the instant Motion seeking to add Ms. Mahboob as a putative class representative. Plaintiff alleges that Ms. Mahboob "experienced a hold time of 0 seconds before being transferred to an agent," she could not have heard the Recording Disclosure even assuming, as Defendant alleges, the disclosure would have been heard by all in-bound callers on hold for four seconds or more before transfer to an agent. (Mem. of P. & A. in support of Mot. at 2–3, ECF No. 147-1.) Plaintiff states that, in the event Reyes does not meet his burden that he did not hear the Recording Disclosure and the four-second "hold time" defense by Defendant proves persuasive, "it will be necessary for Ms. Mahboob to represent the narrower subclass" of callers who were on hold for less than four seconds. (*Id.* at 4.) Defendant opposes the Motion on several grounds, including on the basis that adding Ms. Mahboob would purportedly violate the Ninth Circuit's mandate in its order remanding the class certification issue. (Opp'n at 5–6.)

## II. LEGAL STANDARD

As a general matter, "[a] party may amend its pleading once as a matter of course within 21 days after serving it." Fed. R. Civ. P. 15(a)(1)(A). Plaintiff's present motion to amend comes long after the expiration of the deadline to amend as a matter of course. When a party can no longer amend as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave," which "[t]he court should freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Defendant does not consent to amendment and thus Plaintiff seeks leave of court.

Granting or denying leave to amend rests in the trial court's sound discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996); *Int'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines*, 761 F.2d 1386, 1390 (9th Cir. 1985). Five factors guide a court's discretion: (1) any bad faith of the moving party, (2) any prejudice

to the opposing party, (3) futility of the proposed amendment, (4) any undue delay by the moving party, and (5) whether the moving party has previously amended. *Western Shoshone Nat. Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). "A proposed amended complaint is futile if it would be immediately 'subject to dismissal.'" *Nordyke v. King*, 644 F.3d 776, 788 n.12 (9th Cir. 2011), *on reh'g en banc*, 681 F.3d 1041 (9th Cir. 2012) (citations omitted).

## III. DISCUSSION

### A. Bad Faith

Defendant primarily opposes the Motion on the basis that Plaintiff brings the Motion in bad faith. In sum, Defendant alleges that Plaintiff's Motion seeks to improperly bypass the Ninth Circuit's mandate on remand and that the actions of both Plaintiff and Ms. Mahboob reflect their "tactical choices" to avoid an adverse ruling, which also violated this Court's orders. (Opp'n at 5–8.) The Court rejects each of Defendant's arguments below.

#### 1. The Ninth Circuit's mandate on remand

Defendant argues that Plaintiff's Motion was brought in bad faith to "circumvent the Ninth Circuit's remand" by adding a class representative who could maintain the class action lawsuit—albeit for a narrower class—despite the Ninth Circuit's instruction which, according to Defendant, "does not allow for any amendments." (Opp'n at 3–4.)

Defendant's argument implicitly relies on two doctrines, the law of the case doctrine and the rule of mandate, that describe a lower court's obligation to comply with the findings of a higher court. "The law of the case doctrine states that the decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case." *Herrington v. Cty. Of Sonoma*, 12 F.3d 091, 904 (9th Cir. 1993). The mandate rule is "a specific and more binding variant of the law of the case doctrine" that ""ordinarily precludes a court from reexamining an issue previously decided by . . . a higher appellate court . . . in the same case." *United States v. Caterino*, 29 F.3d 1390, 1395 (9th Cir. 1994).

As the Supreme Court has explained:

> When a case has been once decided by this court on appeal, and remanded to the [lower court], whatever was before this court, and disposed of by its decree, is considered as finally settled. The [lower court] is bound by the decree as the law of the case, and must carry it into execution according to the mandate. That court cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon any matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded . . . . But the [lower court] may consider and decide any matters left open by the mandate of this court . . . .

*In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255–56 (1895). Thus, courts have held that the rule of mandate prohibits "entertain[ing] a proceeding inconsistent with the appellate court's decision, not more." *Fruehauf Trailer Corp. v. Harrow*, No. CV 11-09218 DDP, 2013 WL 816446, at *8 (C.D. Cal. Mar. 5, 2013), aff'd sub nom. *In re Fruehauf Trailer Corp.*, 600 F. App'x 557 (9th Cir. 2015) (citing *United States v. Cote*, 51 F.3d 178, 181 (9th Cir.1995)). The rule of mandate "requires respect for what the circuit court actually decided, not for what the circuit court did not decide." *Hall v. City of Los Angeles*, 697 F. 3d 1059, 1066–67 (9th Cir. 2012).

Defendant argues that the Ninth Circuit's remand limits this Court to making a determination about Reyes' standing, and dismissing the case if that prerequisite is not met. Allowing amendment, according to Defendant, "would undermine the Ninth Circuit's authority and impermissibly expand the scope of the remand." (Opp'n at 4.) However, Defendant's position is not supported by the aforementioned case law that limits the rule of mandate only to those issues actually decided by the appellate court. Here, the Ninth Circuit did not make any findings or issue any mandates regarding amendment of the pleadings generally, or the addition of another class representative specifically. The mandate was limited in scope to determinations about whether the sole class representative heard the Recording Disclosure. The Court has set an evidentiary hearing for this very purpose and is therefore in the process of executing the Ninth Circuit's mandate on remand. (*See* Order Setting Evidentiary Hr'g, ECF No. 151.) The Ninth Circuit's instruction to dismiss the case if Plaintiff lacked standing was based on the premise that Plaintiff would

- 5 -

15cv628

remain the sole class representative in this case. However, the Ninth Circuit did not include in its instruction any prohibition on Plaintiff's ability to request additional class representatives or on this Court's discretion to grant or deny such a request. Hence, the Court finds that Plaintiff's Motion—and the Court's decision to rule on that Motion—is not foreclosed by the Ninth Circuit's remand order.

### 2. *Lierboe* and *NEI*

Defendant argues that Ninth Circuit precedent requires that, "when it is shown that the plaintiff/class representative never had a claim, the case must be dismissed without any intervention or substitution of the class representative." (Opp'n at 5.) Defendant cites specifically to *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018 (9th Cir. 2003), and *NEI Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc.*, 926 F.3d 528 (9th Cir. 2019), both of which, Defendant alleges, stand for this proposition. However, in both cases, the court's decisions were based on its determination that the class representatives did not have standing. *Lierboe*, 350 F.3d at 1024 ("[W]here the sole named plaintiff never had standing . . . and where she never was a member of the class she was named to represent, the case must be remanded with instructions to dismiss.") (internal quotations omitted); *NEI*, 926 F.3d at 533 ("Our circuit precedent indicates that when a class is certified and the class representatives are subsequently found to lack standing, the class should be decertified and the case dismissed.").

Here, neither the Ninth Circuit nor this Court has made a determination about Plaintiff's standing at this point in the litigation. The court vacated class certification on the basis that certain facts—whether Plaintiff heard the Recording Disclosure—need to be developed. As such, no determination was made as to Plaintiff's standing as the initial class representative. The posture of this action is therefore distinct from *Lierboe* and *NEI* such that neither precedent precludes this Court from granting the instant Motion to Amend.

- 6 -

15cv628

### 3. "Tactical choice"

The timeline in this case belies Defendant's accusation that the instant Motion is a "tactical choice" by Plaintiff's counsel to avoid an adverse finding by the Ninth Circuit. Plaintiff indicated his intention to add Ms. Mahboob as an additional class representative as early as June 2017, several months before this Court granted class certification and Defendant appealed the order, and again before the Ninth Circuit ruled on Defendant's appeal. (*See* Mahboob Dec. ¶¶ 4–5, ECF No. 98-4; Mot. for Leave to File Amendment, ECF No. 125.) Thus, Defendant's claim that Plaintiff's instant Motion is a calculated attempt to evade the Ninth Circuit's ruling is unsupported by the record.

### 4. Stay Order

Lastly, the Court is also unpersuaded by Defendant's argument that Ms. Mahboob's decision to file a class action in the Central District on March 16, 2018 violated the Court's stay order. The stay order was partly intended to avoid making Defendant "face[] the risk of litigating on two fronts" while the appeal was pending by preventing proceedings in the instant case to proceed; the Court's order did not represent, and was not intended to represent, a stay of proceedings in any other cases against Defendant arising out of the same conduct filed in different courts. (*See* Stay Order ("All district court proceedings *in this case* are hereby stayed.") (emphasis added).) Further, Defendant provides no support for the allegation that the filing of the class action in the Central District "was an attempt to skirt this Court's March 13, 2018 Order." (Opp'n at 9.) Rather, it appears that Ms. Mahboob filed the action in light of the one-year statute of limitations on her class claim. (Dec. of Alexis M. Wood ¶ 7, ECF No. 147-2.)

Accordingly, having considered and rejected each of Defendant's arguments in turn, the Court finds that Plaintiff's Motion was not filed in bad faith.[1]

---

[1] Defendant also argues that Ms. Mahboob waived venue in the Southern District by filing her own class action in the Central District of California on March 16, 2018. (Opp'n at 6–7 (citing Ex. C to Mot. to Amend Pleadings, ECF No. 147-5).) For purposes of this order, the Court does not address Defendant's venue concerns. However, this order shall not preclude Defendant from challenging venue or raising other defenses in response to Plaintiff's amended complaint.

**B. Undue Delay**

The Ninth Circuit finds undue delay when a party seeks to amend well after discovering the information that justifies amendment. *See, e.g.*, *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) ("Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading."). The court has also held that amendments that "substantially complicate[] and delay[] the case" cause undue delay. *Loehr v. Ventura Cty. Cmty. Coll. Dist.*, 743 F.2d 1310, 1320 (9th Cir. 1984) (finding undue delay where the plaintiff sought to add seven state law claims, three federal claims, two additional defendants, and new allegations).

The Court does not find that Plaintiff's request to add Ms. Mahboob as a class representative will cause undue delay. As discussed above, Plaintiff stated his intention to add Ms. Mahboob as an additional class representative in June 2017 and timely filed a motion seeking to amend the complaint but was denied this opportunity in light of the stay. (Mot. for Leave to File Amendment; Stay Order.) Moreover, although the addition of Ms. Mahboob may require the parties to engage in further discovery that would extend this litigation, the Court does not find that this "substantially complicates" and delays the case such that it constitutes undue delay. *See Tschudy v. J.C. Penney Corp.*, No. 11-CV-1011 JM-CAB, 2011 WL 5036622, at *2 (S.D. Cal. Oct. 24, 2011) (allowing the plaintiff to add class representatives after finding that the request was less drastic than the amendments requested in *Loehr*).

**C. Prejudice and Futility**

Defendant's claims that prejudice and futility weigh against amendment are based on a rehashing of Defendant's arguments that the Ninth Circuit's memorandum disposition will not be "implemented as ordered" if amendment is permitted and that binding case law (*Lierboe* and *NEI*) prohibits amendment in this circumstance. (Opp'n at 10–11.) The Court

dismisses these arguments for the reasons described above. *See* Sections III.A.1 and III.A.2, *supra*.

### D. Prior Amendments

Lastly, Defendant argues, without citation to supporting authority, that Ms. Mahboob's filing of the Central District action "was effectively an amendment" made three days after this Court denied the initial motion to amend. (Opp'n at 12.) The Court does not understand how Ms. Mahboob's decision to file a separate action to preserve her claim constitutes an "effective amendment" in this case. Moreover, the Court specifically permitted Plaintiff to re-file the instant Motion after the Ninth Circuit issued its ruling on appeal. (Stay Order at 3.) Therefore, the Court is not persuaded that the existence of Ms. Mahboob's Central District action weighs against granting leave to amend.

## IV. CONCLUSION

Accordingly, the Court **GRANTS** Plaintiffs' Motion for Leave to Amend the Pleadings (ECF No. 147). Plaintiff shall file the First Amended Complaint no later than **January 22, 2020**.

**IT IS SO ORDERED.**

DATED: January 15, 2020

Hon. Cynthia Bashant
United States District Judge