UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Beheshta MAHBOOB, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EDUCATIONAL CREDIT MANAGEMENT CORPORATION,<br><br>Defendant. | Case No.: 15-cv-0628-TWR-AGS<br><br>**REPORT AND RECOMMENDATION ON PLAINTIFF'S SANCTIONS MOTION FOR EVIDENCE SPOLIATION (ECF 183)** |

Plaintiff moves for sanctions, claiming that defendant destroyed relevant call data and recordings. The question is whether defendant's actions constitute spoliation and, if so, what sanctions are appropriate.

## **BACKGROUND**

Defendant Educational Credit Management Company purportedly recorded incoming phone calls without consent. (ECF 153, at 2.) Plaintiff Beheshta Mahboob maintains that during the class period, a caller put on hold for less than four seconds would miss the automated warning that ECMC was recording the call, violating the California Invasion of Privacy Act. (ECF 183-1, at 6 n.3.)

When receiving calls, ECMC uses a "dialer" that captures and stores information, such as "the caller's telephone number," the "hold time," and other data. (ECF 201-1, at 11.) ECMC also creates an audio recording and retains the call data and call recording for two years. (ECF 76-4, at 35-36.)

Mahboob alleges that after this case began, ECMC failed to suspend this two-year data-retention policy, so months of relevant call data and recordings were improperly deleted. (ECF 183-1, at 9-10.) Plaintiff's initial complaint defined a yearlong putative class period beginning March 20, 2014, "one year prior to the filing of this Complaint." (ECF 1,

1

at 12.) But in February 2017, plaintiff discovered that call data—including hold-time information—had been deleted for calls between March 20 and August 1, 2014. (*See* ECF 76-4, at 36-37.) Without the call data, plaintiff could not identify callers and their hold times. (ECF 183-1, at 6.) Plaintiff was forced to move the class-period start date to August 2, 2014, shortening the period by over four months. (ECF 76-1, at 13 n.6.)

More recently, during a meet and confer, ECMC informed plaintiff that the call *recordings* had also been deleted for calls between March 20 and September 29, 2014. (ECF 183-2, at 3-4.) A timeline of relevant events follows:

| Date | Event | Elapsed Time | |
| --- | --- | --- | --- |
| | | Event | Total |
| March 20, 2015 | Complaint filed. (ECF 1.) Plaintiff alleges a class beginning March 20, 2014. (ECF 1, at 12.) | N/A | N/A |
| 2016 | ECMC discovers there was no litigation hold in place. ECMC issues a hold. (ECF 76-4, at 37-38.) | N/A | N/A |
| **ELAPSED TIME BEFORE MOVING FOR SANCTIONS** | | | |
| February 1, 2017 | Deposition of Darrell Mott reveals that ECMC lost call data through August 1, 2014. (ECF 76-4, at 37.) | 1 yr., 1 mo., 12 days | 3 yrs., 5 mo., 30 days |
| February 24, 2017 | Motion for Class Certification filed. (ECF 76-1.) Plaintiff "narrows" the class period due to deleted call data. (*Id.*, at 13 n.6.) | | |
| March 13, 2018 | Motion for Stay granted. (ECF 143.) | | |
| March 13, 2018 | Stay begins to permit appeal of class certification | 1 yr., 11 mo., 15 days | |
| January 22, 2020 | Amended Complaint filed. (ECF 153.) | | |
| February 28, 2020 | Stay lifted (ECF 155.) | | |
| February 28, 2020 | Case continues. | 5 mo., 3 days | |
| July 10, 2020 | At a meet and confer, plaintiff discovers that call recordings from March 20 to September 29, 2014, have also been deleted. (ECF 183-2, at 3-4.) | | |
| July 31, 2020 | Plaintiff's Motion for Sanctions filed. (ECF 183.) | | |

2

# DISCUSSION

## A.  Timeliness

As a threshold issue, defendant complains that this motion is late. (*See* ECF 188, at 8-9.) An "unreasonable delay can render a spoliation motion untimely." *Cottle-Banks v. Cox Commc'ns, Inc.*, No. 10CV2133-GPC WVG, 2013 WL 2244333, at *16 (S.D. Cal. May 21, 2013). Though there is no set deadline, spoliation motions "should be filed as soon as reasonably possible after discovery of the facts that underlie the motion." *Id*. (citation omitted). Federal courts have denied such motions when the moving party knew about the evidence destruction and failed to move for sanctions within a reasonable time. *See*, *e.g.*, *id.* (denying as untimely a spoliation motion filed "almost nine months" after plaintiff knew); *Scalia v. Cnty. of Kern*, No. 117CV1097NONEJLT, 2020 WL 5959905, at *7 (E.D. Cal. Oct. 8, 2020) (finding a sanctions motion untimely because "Plaintiff fails to offer any reason for the [nine-month] delay in raising the issue of spoliation to the Court"). In addition, spoliation motions are subject to chambers discovery rules. *See Cottle-Banks*, 2013 WL 2244333, at *16 (rejecting a spoliation motion for, among other things, violating a chambers-rule 30-day deadline to bring discovery disputes (citation omitted)).

### 1.  Deleted Call Data

Plaintiff first discovered that call data was missing during a February 1, 2017 deposition. (*See* ECF 76-4, at 36-38.) But instead of immediately seeking sanctions, plaintiff declared that "[a]t the appropriate time, Plaintiff will ask the Court to impose evidentiary [penalties] and/or issue sanctions against ECMC." (ECF 76-1, at 13 n.6.) Plaintiff then waited almost three and a half years to move for sanctions. (*See* ECF 183.)

Plaintiff Mahboob's explanation is that the case was stayed from March 2018 until February 2020, pending an appeal. (ECF 191, at 4; *see* ECF 155.) But that stay only lasted two years. There was ample opportunity to seek sanctions in the remaining year and a half, a far longer period than the nine-month delays deemed too long in *Cottle-Banks* and *Scalia*. In fact, plaintiff sought court intervention for two unrelated discovery disputes in April and July 2017, months after learning about the lost call data. (*See* ECF 86; ECF 107.) Finally,

1 plaintiff's delay contravenes this Court's chambers rules, which require that any discovery
2 motion be filed "within 30 days of the date the dispute first arose." Chambers Civ. R. 2.
3 Because waiting a year and a half to bring a spoliation motion is unreasonable and violates
4 chambers rules, the portion of the motion concerning call data should be denied as
5 untimely.

### 2. Deleted Call Recordings

By contrast, the portion of the motion regarding deleted call recordings is timely. During a July 10, 2020 meet and confer, plaintiff learned that six months of "actual recordings for call data . . . had been deleted." (ECF 183-2, at 3-4.) Plaintiff moved for sanctions three weeks later, on July 31, 2020. (ECF 183.) A three-week delay is reasonable and falls within the timeframe allowed by chambers rules.

### B. Spoliation of Call Recordings

The Court will thus focus solely on plaintiff's charge of call-recording spoliation. Spoliation is "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence, in pending or future litigation." *Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 649 (9th Cir. 2009) (citation omitted). To prove spoliation of electronically stored information, including "sound recordings," Fed. R. Civ. P. 34(a)(1)(A), there are three requirements: (1) the ESI "should have been preserved in the anticipation or conduct of litigation"; (2) that ESI "is lost because a party failed to take reasonable steps to preserve it"; and (3) "it cannot be restored or replaced through additional discovery." Fed. R. Civ. P. 37(e).

### 1. Duty to Preserve

"As soon as a potential claim is identified, a litigant is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action." *Cottle-Banks*, 2013 WL 2244333, at *13 (citation omitted). ECMC's duty to preserve evidence began, at the latest, on March 23, 2015, when plaintiff served the complaint. (*See* ECF 6, at 2). Because the complaint defined the class period as beginning "one year prior to the filing of this Complaint," ECMC knew or should have known to preserve data going back

to March 2014. (*See* ECF 1, at 12.) Thus, ECMC had a duty to preserve the call recordings it deleted in 2016. (*See* ECF 183-2, at 3-4.)

### 2. Reasonable Steps to Preserve

Once a party has a duty to preserve ESI, it must take reasonable steps such as "suspend[ing] its routine document retention/destruction policy and put[ting] in place a 'litigation hold' to ensure the preservation of relevant documents." *Cottle-Banks*, 2013 WL 2244333, at *13 (citation omitted). About two weeks after plaintiff served the complaint, ECMC's legal counsel issued a "litigation hold" that was forwarded to the ECMC "database group, to Noble and to the manager of the call archive process." (ECF 76-4, at 38; ECF 188-3, at 2-3.) The letter specifically asked recipients to "identify any documents and/or material that may be pertinent to the case and ensure that they . . . are not included in any of [the] normal deletion processes." (ECF 188-3, at 2.) Plaintiff argues that this "boilerplate" language failed to give recipients the class definition or time frame and "[c]learly . . . was not sufficient to assure evidence was preserved." (ECF 191, at 5.)

Rule 37(e) "does not call for perfection" in preserving ESI, but it does "call for reasonable[ness]." Adv. Comm. Notes to 2015 Amend. of Fed. R. Civ. P. 37(e). "A party's discovery obligations do not end with the implementation of a 'litigation hold'—to the contrary, that's only the beginning." *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 432 (S.D.N.Y. 2004). Counsel must "oversee compliance with the litigation hold" and "become fully familiar with [the] client's document retention policies, as well as the client's data retention architecture." *Id*. (citation omitted). There is no evidence that ECMC's counsel did anything beyond issuing the litigation hold in 2015, and in fact it took a year to discover the erroneous deletions. (*See* ECF 76-4, at 37-38.) So, ECMC did not take reasonable steps to preserve the call recordings.

### 3. Lost and Cannot Be Restored

"Information is lost for purposes of Rule 37(e) only if it is irretrievable from another source, including other custodians." *Oracle Am., Inc. v. Hewlett Packard Enter. Co.*,

5

328 F.R.D. 543, 552 (N.D. Cal. 2018) (citation omitted). Plaintiff claims that the call data was irreplaceably lost, which ECMC does not deny. (ECF 183-1, at 14; ECF 188.)

Because ECMC had a duty to preserve call recordings and failed to take reasonable steps to do so, the recordings were irreplaceably lost. ECMC is responsible for spoliation.

## C. Sanctions

Rule 37(e) provides two categories of spoliation sanctions. When the court finds that the offending party "acted with the intent to deprive another party of the information's use in the litigation," the court may "presume that the lost information was unfavorable to the party," issue an adverse-inference jury instruction, or "dismiss the action or enter a default judgment." Fed. R. Civ. P. 37(e)(2). But even when the court does not find intent, if the loss of information prejudices the moving party, the court "may order measures no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(1). Plaintiff seeks both types of sanctions.

### 1. Rule 37(e)(2) Sanctions for Intentional Spoliation

"[C]ourts have found that a party's conduct satisfies Rule 37(e)(2)'s intent requirement when the evidence shows or it is reasonable to infer, that the . . . party purposefully destroyed evidence to avoid its litigation obligations." *Porter v. City & Cnty. of S.F.*, No. 16-CV-03771-CW(DMR), 2018 WL 4215602, at *3 (N.D. Cal. Sept. 5, 2018). Conduct that is merely "[n]egligent or even grossly negligent" is insufficient to show "intent." *See* Adv. Comm. Notes to 2015 Amend. of Fed. R. Civ. P. 37(e). In *Porter*, defense counsel's only effort to institute a litigation hold was "forwarding [plaintiff's] . . . preservation request" to the client. 2018 WL 4215602, at *3. The client nonetheless erased a relevant dispatch call in accordance with its two-year data-retention policy. *Id*. at *4. The court found that defendant "certainly should have done more" to preserve the ESI, but that without other evidence, defendant's behavior was at most "gross negligence, not intentional malfeasance." *Id*.

Similarly, the data here was destroyed because of a two-year data-retention policy. (ECF 183-1, at 9-10; ECF 76-4, at 37.) ECMC claims that any spoliation was unintentional:

6

the company had "asked for a litigation hold, . . . [but the] two-year window kicked in because [ECMC] inadvertently didn't place that hold." (ECF 76-4, at 37-38.) ECMC issued another hold as soon as it discovered the error "sometime in 2016." (*Id*.) Although ECMC "certainly should have done more" to preserve the call recordings, the conduct here is at worst gross negligence. *See Porter*, 2018 WL 4215602, at *4. Thus, Rule 37(e)(2)'s harsh sanctions are not appropriate.

### 2. Rule 37(e)(1) Sanctions for Unintentional But Prejudicial Spoliation

The bar for Rule 37(e)(1) sanctions, however, is set much lower, requiring merely that the spoliation prejudiced the moving party. "An evaluation of prejudice from the loss of information necessarily includes an evaluation of the information's importance in the litigation." Adv. Comm. Notes to 2015 Amend. of Fed. R. Civ. P. 37(e). Rule 37(e)(1) "does not place a burden of proving or disproving prejudice on one party or the other" and instead "leaves judges with discretion to determine how best to assess prejudice in particular cases." *Id*.

Plaintiff argues that she suffered prejudice because she was forced to exclude calls between March 20 and August 1, 2014. (ECF 191, at 3-4.) Due to ECMC's spoliation, plaintiff contends, "[o]ne-third of the original putative class has been obligatorily removed." (*Id*. at 3.) Yet the *original* putative class is not at issue. Plaintiff's "amended complaint super[s]edes the original complaint and renders it without legal effect." *Lacey v. Maricopa Cnty*., 693 F.3d 896, 927 (9th Cir. 2012). Moreover, plaintiff filed the amended complaint almost six months before she learned of the lost call recordings. (*Compare* ECF 153 (amended complaint) *with* ECF 183-2, at 3-4 (loss of call recordings revealed).) So, that loss could not have been the impetus for the amended complaint. Thus, the Court will evaluate any prejudice to the amended class period: August 2014 through March 2015. (*See* ECF 183-2, at 3-4; ECF 153, at 7.)

Because ECMC deleted call recordings through September 29, 2014, plaintiff lost call recordings for almost two months of that amended eight-month period. But ECMC argues that even these two months of lost recordings do not prejudice plaintiff. (*See*

7

ECF 188, at 16-17.) Plaintiff's putative class action is based on hold times from call data; plaintiff "does not and cannot rely on any actual call recordings to prove her case, because to do so would require a factual and legal analysis of each and every one of the recordings[,] . . . preventing class certification." (*Id*. at 9.) ECMC further argues that "it is ECMC that is prejudiced by the loss of these recordings, as they would almost certainly demonstrate that many of the inbound callers were informed on the call in question that it would be recorded." (*Id*.)

In her motion for class certification, plaintiff seems to agree. (*See* ECF 201-1, at 15 ("The MP3 [call recordings] could potentially be utilized to eliminate any calls from the Class where an ECMC live agent verbally advised that the call is being recording despite no policy to do so.").) In fact, plaintiff doesn't rely on the recordings to certify the class. (*See id*., at 15-16.) Due to issues with locating and analyzing the files, plaintiff requests that the court "strike ECMC's [call] recordings from the record and exclude the use of such recordings to prohibit certification." (*Id*.)

Thus, ECMC's spoliated call recordings did not prevent plaintiff from proving her claim. But the spoliation did create "at least *some* prejudice" as plaintiff had to spend "additional time, money, and resources deposing [ECMC] employees" about the destroyed evidence. *See Borum v. Brentwood Vill., LLC*, 332 F.R.D. 38, 47 (D.D.C. 2019). To cure the prejudice, ECMC should be ordered to pay plaintiff's reasonable attorneys' fees incurred due to call-recording spoliation. This includes attorneys' fees "to prepare for [this] motion and the reply" as well as fees for deposing ECMC "regarding failure to preserve" the call recordings. *See Youngevity Int'l v. Smith*, No. 3:16-CV-704-BTM-JLB, 2020 WL 7048687, at *5 (S.D. Cal. July 28, 2020). The defense should also be barred from using any call recording in its defense. *See Lewis v. Ryan*, 261 F.R.D. 513, 522 (S.D. Cal. 2009) ("[The Court has] the power to exclude evidence that, given the spoliation, would unfairly prejudice an opposing party." (citation omitted)).

# CONCLUSION

The Court recommends the following:

1. Plaintiff's untimely sanctions request for call-data spoliation is **DENIED**.

2. Plaintiff's sanctions request for call-recording spoliation is **GRANTED IN PART** and **DENIED IN PART**.

   a. Under Rule 37(e)(2), the Court declines to impose sanctions, as there was no intentional spoliation.

   b. Under Rule 37(e)(1), the Court imposes the following sanctions:

      i. ECMC must pay plaintiff's reasonable attorneys' fees incurred due to ECMC's call-recording spoliation. This includes attorneys' fees incurred in preparing this motion and fees from deposing ECMC regarding the failure to preserve the call recordings.

      ii. ECMC may not use any call recording in its defense.

   c. The parties must meet and confer about the amount of the attorney-fee sanction. If the parties cannot agree on the amount, within 30 days of the District Judge's ruling on this motion, the parties must jointly move for a judicial determination of the specific issues they dispute.

   d. Before trial, plaintiff may request that the District Judge allow evidence and/or jury instructions about evidence spoliation. The Court declines to impose such evidence or instructions as a discovery sanction.

The parties must file any objections to this report by March 15, 2021. *See* 28 U.S.C. § 636(b)(1). The party receiving any such objection has 14 days to file any response. Fed. R. Civ. P. 72(b)(2).

Dated: March 1, 2021

_____
Hon. Andrew G. Schopler
United States Magistrate Judge