**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Beheshta MAHBOOB, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EDUCATIONAL CREDIT MANAGEMENT CORPORATION,<br><br>Defendant. | Case No.: 15-cv-0628-TWR-AGS<br><br>**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR RULE 37 SANCTIONS (ECF 185) AND PLAINTIFF'S REQUEST FOR RULE 11 SANCTIONS (ECF 189)** |

With the aid of confidential discovery materials, plaintiff's counsel reached out to this case's current representative plaintiff. This contact, defendant argues, violated a protective order and the California Rules of Professional Conduct on solicitation. In addition, defendant alleges that plaintiff's counsel committed violations by bringing a separate lawsuit in another district with this same plaintiff. Plaintiff deems these allegations frivolous and demands Rule 11 sanctions against defense counsel.

## BACKGROUND

In this putative class action, plaintiff alleges that Educational Credit Management Corporation recorded phone calls without consent. (ECF 1, at 2.) ECMC contends that at the start of every phone call, it played the automated warning, "This call is being recorded." (ECF 80, at 7.) Thus, callers who stayed on the line implicitly consented to the recording. Yet ECMC concedes that callers put on hold for less than four seconds would not have heard the entire message. (*Id*. at 8-9.)

These facts posed a problem for the original representative plaintiff, who was kept on hold for more than four seconds, suggesting he consented to the recording. Thus, when plaintiff moved to compel all recorded calls and hold-time information, ECMC objected,

arguing that "the true purpose of this motion" was "to obtain evidence . . . to locate *a new class representative*." (ECF 93, at 4.) This Court nonetheless ordered ECMC to turn over the evidence, finding that plaintiff had a legitimate interest in rebutting ECMC's hold-time defense theory. (ECF 144, at 45-47.) So ECMC turned over the requested records with a "confidential" designation. Under the stipulated protective order, that designation prohibited using such discovery "for any purpose other than prosecuting this litigation." (ECF 18, at 2; ECF 185-1, at 2-3.)

Armed with this data, plaintiff's counsel identified and contacted someone with a hold time of zero seconds: Beheshta Mahboob. (ECF 185-1, at 3.) This was the first time Mahboob learned of this litigation or that she had been recorded. (ECF 98-4, at 2; ECF 185-3, at 5-7.) Four months later, plaintiff's counsel moved to amend the complaint to add Mahboob as a "putative class representative." (ECF 125-1, at 2.) The Court denied that motion and stayed the case while ECMC appealed class certification. (ECF 143, at 3.) Three days later, plaintiff's counsel brought an identical class action in the Central District of California, with Mahboob as lead plaintiff. *See generally Mahboob v. Educ. Credit Mgmt. Corp.*, No. 18cv2221-JAK-GJS (C.D. Cal. 2018) (hereinafter "*Mahboob 2*"), ECF 1. After ECMC's successful class-certification appeal, the Court dismissed the original representative plaintiff in this case and allowed Mahboob to become lead plaintiff. (*See* ECF 152, at 1; ECF 158, at 1.) Thereafter, in the Central District, the parties stipulated to dismiss *Mahboob 2*. (ECF 185-1, at 4.)

## DISCUSSION

ECMC contends that plaintiff's counsel's contact with Mahboob violated the stipulated protective order and the California Rules of Professional Conduct. (ECF 185, at 12-18.) Plaintiff, in turn, demands sanctions against the defense for raising frivolous allegations.

**A.    California Rules of Professional Conduct**

As the professional-conduct issue is more straightforward, the Court addresses it first. "A lawyer shall not by in-person, live telephone or real-time electronic contact solicit

professional employment when a significant motive for doing so is the lawyer's pecuniary gain." Cal. R. Prof. Conduct 7.3(a). Solicitation refers to "an oral or written targeted communication . . . that offers to provide, or can reasonably be understood as offering to provide, legal services." Cal. R. Prof. Conduct 7.3(e). But "[a]n attorney who directly contacts individuals for legitimate investigative reasons is not barred from representing those individuals if requested to do so." *Hernandez v. Best Buy Stores,* No. 13CV2587-JM-KSC, 2015 WL 7176352, at *7 (S.D. Cal. Nov. 13, 2015). A court may take "remedial or corrective action based on a clear record and specific findings." *Id*. at *15 (citing *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101 (1981)) (internal quotes omitted). "The 'mere possibility' of abusive tactics is simply not enough." *Id*.

ECMC has offered no proof of solicitation. In her deposition, Mahboob acknowledges that plaintiff's counsel contacted her by phone and informed her of this lawsuit. (ECF 185-3, at 5-9.) Plaintiff's counsel maintains that this contact was purely for investigative purposes, to test ECMC's hold-time theory. (ECF 189, at 16.) And there is no evidence about who first broached the subject of representation. (*See generally* ECF 185-3.) Even when "two opposing inferences can be drawn" about the propriety of counsel's conduct, "the Court will not leap to the conclusion that plaintiff's counsel engaged in abusive or unethical practices." *Hernandez,* 2015 WL 7176352, at *15. Thus, on this record, the Court cannot find solicitation.

B. **Stipulated Protective Order**

At the outset of discovery, the Court granted a joint motion for a stipulated protective order. (ECF 18.) Under that order, material designated as "confidential" may only be disclosed to certain people, including people "to whom disclosure is reasonably necessary" and who agree not to disclose the information. (ECF 18, at 8-9, 14.) The protective order also states that confidential material "disclosed or produced by another Party . . . [may be used] in connection with *this case only* for prosecuting, defending, or attempting to settle *this litigation*." (*Id*. at 8 (emphasis added).)

ECMC labeled as "confidential" the discovery with Mahboob's contact information and hold time, and no one disputes that designation. (ECF 185-1, at 3.) ECMC claims that plaintiff's counsel violated the protective order by (1) contacting and recruiting plaintiff Mahboob and (2) filing the second lawsuit in the Central District of California. (ECF 185, at 14-15.)

### 1. *Contacting Mahboob*

"[A]s a general rule, before class certification has taken place, all parties are entitled to equal access to persons who potentially have an interest in or relevant knowledge of the subject of the action, but who are not yet parties." *Amaraut v. Sprint/United Mgmt. Co.*, No. 3:19-CV-411-WQH-AHG, 2020 WL 8024170, at *5 (S.D. Cal. Jan. 14, 2020) (citation omitted). Because "plaintiffs have a right to contact members of the putative class, the propriety of a protective order—or enforcing an already entered protective order—must involve a careful balancing of the potential for abuse created by the class action and the right of the plaintiffs to contact potential class members." *Balschmiter v. TD Auto Fin. LLC*, No. 13-CV-1186-JPS, 2015 WL 2451853, at *4 (E.D. Wis. May 21, 2015) (citation and quotation marks omitted).

ECMC argues that plaintiff's counsel violated the protective order by contacting Mahboob, who was not within any of the categories of persons to whom confidential information could be disclosed. (ECF 185, at 14; ECF 197, at 7-8.) Indeed, Mahboob "never signed an 'Acknowledgment and Agreement to be Bound'" by the protective order. (ECF 185, at 10.) Yet the protective order did not prohibit contacting potential class members; it barred disclosing confidential discovery to them. In fact, the Court specifically authorized contacting people like Mahboob so that counsel could "test [ECMC's] contentions" about its four-second hold-time defense. (*See* ECF 144, at 48; *see also id*. at 36, 45.) As the defense has offered no evidence that plaintiff's counsel divulged any confidential material to Mahboob before she became a plaintiff, the initial contact with Mahboob did not violate the protective order.

### 2. *The Second Lawsuit*

Defendant also asserts that plaintiff's counsel violated the protective order by using the call records to help sue in the Central District of California. (*See* ECF 189, at 9). "A protective order should be read in a reasonable and common sense manner so that its prohibitions are connected to its purpose." *On Command Video Corp. v. LodgeNet Ent. Corp.*, 976 F. Supp. 917, 921 (N.D. Cal. 1997) (citation omitted)). It is "impractical to . . . articulate every conceivable impermissible use of discovery subject to the Protective Order." *Id*. But when a protective order limits confidential information to "this litigation," concluding that it permits the filing of a "completely *separate lawsuit* . . . strains credulity." *Id*. at 923; *see also O'Connor v. Uber Techs., Inc.*, No. 13-CV-03826-EMC, 2017 WL 3782101, at *6 (N.D. Cal. Aug. 31, 2017) (finding that class counsel violated a protective order "by using the protected class list to solicit retainer agreements for individual arbitration proceedings outside of *this* litigation").

The protective order restricted the use of confidential discovery material to "*this case only*" and solely "for prosecuting, defending, or attempting to settle *this litigation*." (ECF 18, at 8 (emphasis added).) Yet plaintiff's counsel used this material in an entirely different lawsuit in another forum. In the Central District suit, plaintiff's counsel defined the "Hold Time Subclass" as involving callers who "waited on hold for less than 4 seconds." *Mahboob 2*, ECF 1, at 7. Counsel didn't conjure that hold time out of thin air: it came from confidential discovery. "By using such information to file a separate lawsuit in another forum, plaintiff violated the plain terms of the Protective Order." *See On Command Video Corp.*, 976 F. Supp. at 922.

Plaintiff's attorneys protest that they were protecting their client's rights. That is, if they had not filed suit, Mahboob's claims might be barred by the statute of limitations. (*See* ECF 189, at 9.) While the Court understands that fear, this "statute of limitations" concern doesn't "permit the Court to torch the protective order." *Balschmiter*, 2015 WL 2451853, at *8.

Plaintiff also likens these facts to *Hernandez*. In that case, the plaintiff was allowed to join 30 individuals whose contact information was obtained through confidential discovery. *Hernandez*, 2015 WL 7176352, at *2-4. But requesting permissive joinder within an existing case is not the same as filing a new lawsuit in a new forum. The *Hernandez* protective order "did not specifically prohibit" plaintiff from joining additional plaintiffs in the *same* litigation, *see id.* at *4-5, nor does the protective order here. But the protective order here *does* expressly limit the use of confidential discovery to "this litigation." (ECF 18, at 8). The Central District lawsuit is not "this litigation." *Hernandez* does not suggest otherwise.

Thus, by using confidential information to draft the second lawsuit's complaint, plaintiff's counsel violated the protective order.

## C.   Sanctions

A court may sanction litigants for disobeying discovery orders, such as a protective order. *See* Fed. R. Civ. P. 37(b)(2)(A); *Apple, Inc. v. Samsung Elecs. Co.*, No. 511CV01846LHKPSG, 2014 WL 12596470, at *5 (N.D. Cal. Jan. 29, 2014) ("The Ninth Circuit has repeatedly held that Rule 37 provides . . . enforcement of all discovery orders, including Rule 26(c) protective orders."); *see also* Fed. R. Civ. P. 16(f) ("[I]f a party or its attorney . . . fails to obey a scheduling or other pre-trial order," "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii-vii)."). ECMC presses the Court for five categories of relief, addressed below. (*See* ECF 185, at 19-22.)

### 1.   *Monetary Sanctions*

ECMC demands recovery of attorneys' fees and costs incurred in litigating this motion and defending against Mahboob's claims in this case. (ECF 185, at 19-20.) Because plaintiff's counsel violated the protective order by using confidential information to bring a second lawsuit, the Court recommends granting ECMC its reasonable attorneys' fees and costs incurred in bringing this motion and defending the Central District case (but not Mahboob's claims in *this* case). (*See* ECF 185-4, at 1-2.)

### 2. *Order Enjoining Plaintiff's Counsel from Further Improper Use*

ECMC also seeks to enjoin plaintiff's counsel from further improper use of confidential discovery. The Court finds that sanction unnecessary. The current protective order (ECF 18) and the other recommended sanctions are adequate to deter further misuse of confidential information.

### 3. *Disclosure of Persons Contacted by Plaintiff's Counsel*

According to ECMC, plaintiff's counsel "should be required to file under seal with the Court and to disclose to ECMC . . . [each individual] on ECMC's confidential List that Plaintiff's counsel contacted since June 6, 2017." (ECF 185, at 20.) Although plaintiff's counsel was expressly allowed to contact putative class members to test ECMC's hold-time theory, and there is no evidence of improper solicitation, ECMC's counsel did improperly use that list to bring a second lawsuit in violation of the Court's order. (*See* ECF 144, at 48.) To ensure that any future lawsuits are not brought in violation of the protective order, plaintiff's counsel should be compelled to disclose the requested names to ECMC.

### 4. *Disqualification of Plaintiff's Counsel*

When an attorney has violated a professional rule of conduct, a court may disqualify counsel "to preserve public trust in the scrupulous administration of justice and the integrity of the bar." *People ex rel. Dep't of Corps. v. SpeeDee Oil Change Sys., Inc.*, 20 Cal. 4th 1135, 1145 (1999). ECMC seeks this sanction, and the Court might have granted it if ECMC had proved solicitation. Instead, lesser sanctions will suffice to remedy the protective-order violation here.

### 5. *Dismissal*

Because dismissal is so harsh a penalty, it should only be imposed in "extreme circumstances and only where the violation is due to willfulness, bad faith, or fault of the party." *In re Exxon Valdez*, 102 F.3d 429, 432 (9th Cir. 1996) (citation and internal quotes omitted); *see also Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (outlining a five-factor balancing test for "case-dispositive

sanctions"). Although plaintiff's counsel violated the protective order, the Court does not find bad faith and does not find that this is a sufficiently "extreme" case. Counsel believed the suit was necessary to preserve Mahboob's claims. (ECF 189, at 9.) Thus, dismissal is not warranted.

**D.      Plaintiff's Request for Rule 11 Sanctions**

Plaintiff calls the instant motion "frivolous" and demands attorneys' fees and costs. (ECF 189, at 19-20.) An attorney may only sign a pleading or motion if, after reasonable inquiry, it is well-grounded in fact and law and "not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b). If an attorney violates this duty, the Court may impose sanctions. Fed. R. Civ. P. 11(c).

ECMC's sanctions motion was not baseless. Indeed, the Court recommends granting a significant part of it. So, plaintiff's request for fees and costs should be denied.

## CONCLUSION

This Court recommends the following orders:

1. ECMC's motion for monetary sanctions is **GRANTED IN PART** and **DENIED IN PART**. ECMC may recover its reasonable attorneys' fees and costs incurred in bringing this motion and defending the case in the Central District of California. The parties must meet and confer about the amount of the attorney-fee sanction. If the parties cannot agree on the amount, within 30 days of the District Judge's ruling on this motion, the parties must jointly move for a judicial determination of the specific issues they dispute.

2. ECMC's request to enjoin plaintiff's counsel from further improper use of any information produced as "confidential" is **DENIED**.

3. ECMC's request for an order requiring plaintiff's counsel to disclose the list of people on the confidential list contacted since June 6, 2017, is **GRANTED**. Within seven days of the District Judge's ruling on this motion, plaintiff's counsel must file that list under seal with the Court and disclose it to ECMC.

4. ECMC's request for an order disqualifying plaintiff's counsel from representing any individual who formed an attorney-client relationship on or after June 6, 2017, is **DENIED**.

5. ECMC's request to dismiss this case is **DENIED**.

6. Plaintiff's request for Rule 11 sanctions is **DENIED.**

By March 16, 2021, the parties must file any objections to this report. *See* 28 U.S.C. § 636(b)(1). The party receiving any such objection has 14 days to file any response. Fed. R. Civ. P. 72(b)(2).

Dated:  March 2, 2021

_____
Hon. Andrew G. Schopler
United States Magistrate Judge