UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEHESHTA MAHBOOB, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EDUCATIONAL CREDIT MANAGEMENT CORPORATION,<br><br>Defendant. | Case No.: 15-CV-628 TWR (AGS)<br><br>**ORDER DISMISSING ACTION** |

Presently before the Court is Defendant's argument that this action should be dismissed pursuant to the Ninth Circuit Mandate (ECF No. 148) and the principle discussed in *Lierboe v. State Farm*, 350 F.3d 1018, 1023 (9th Cir. 2003). For the reasons discussed below, the Court **DISMISSES** this action without prejudice.

I.   Background

A. Defendant's Recording Practice

Defendant Educational Credit Management Corporation ("ECMC") is a non-profit organization that is a guaranty agency in the Federal Family Education Loan Program. (Rushford Decl. ¶ 7, ECF No. 225-6.) In the course of its business, Defendant places and receives a large amount of telephone calls. During the period between August 2, 2014 and March 31, 2015 ("class period"), Defendant recorded all inbound and outbound calls that reached a live customer service representative using a phone dialer system provided by Noble Systems Corporation ("Noble Dialer"). (Mott Dep. at 24, 36, ECF No. 201-3.)

During the class period, the Noble Dialer was programmed to play the following pre-recorded opening message for inbound calls: "Thank you for calling ECMC. This call is being recorded. Please hold while we connect you to an available representative." (*Id*. at 33.) This prerecorded opening message played in approximately four seconds. (*Id*. at 52.) The Noble Dialer provided Defendant with the option to play this message as a "mandatory message" or a "non-mandatory message." (*Id*. at 65, 101.) A mandatory message completes even if a representative becomes available while the message is playing, while a non-mandatory message is interrupted if and when a representative becomes available during the message. (*Id*. at 65, 101.)

During the class period, the Noble Dialer was incorrectly programmed for some of Defendant's phone lines such that the opening message was set as non-mandatory for inbound calls. (Mott Dep. at 96-99, 101, ECF No. 201-3; Rushford Dep at 17-20, ECF No. 201-7.) The "Master List" of calls produced by Defendant identifies 2,218 connected inbound calls from cellphone numbers with California area codes with call durations over zero seconds and hold times under four seconds to phone lines set as non-mandatory. (Hansen Decl. ¶ 27, ECF No. 201-13.) This number equates to 1,767 unique cellphone numbers, or, as Plaintiff contends, 1,767 unique class members. (*Id*. ¶ 28.) Plaintiff contends that, "[a]s a result of a negligent dialing system setup and failure to notice the error, Defendant … violated … [the California Invasion of Privacy Act ("CIPA")] … thousands of times by wrongly recording private telephone calls with its customers without their consent." (ECF No. 201-1 at 1.)

**B. Procedural History**

Plaintiff AJ Reyes initiated this putative class action on March 20, 2015, alleging violations of CIPA, Cal. Pen. Code § 632.7, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*. (ECF No. 1.) On May 16, 2016, the Honorable Cynthia A. Bashant granted Defendant's motion for summary judgment as to Plaintiff Reyes' TCPA claim and denied the motion as to the CIPA claim. (ECF No. 50.) After this ruling, only the CIPA claim remained.

On September 20, 2017, Judge Bashant granted Plaintiff Reyes' motion for class certification. (ECF No. 113.) Judge Bashant certified a class[1] pursuant to Federal Rule of Civil Procedure (b)(2) (seeking injunctive relief) and (b)(3) (seeking monetary damages) and appointed Plaintiff Reyes as class representative. (*Id*. at 29-30.)

On December 21, 2017, Defendant received permission from the Ninth Circuit to appeal the class certification order pursuant to Federal Rule of Civil Procedure 23(f). (ECF No. 133.)

On March 13, 2018, Judge Bashant issued an order staying "[a]ll district court proceedings" and allowing either party to file a request to lift the stay within seven days of the Ninth Circuit's decision. (ECF No. 143 at 3.) Judge Bashant also denied without prejudice Plaintiff Reyes' motion for leave to amend the complaint to add Mahboob as a party. (*Id*.)

On March 16, 2018, Mahboob filed an action against Defendant in the Central District of California alleging the same putative class action claims as alleged in this case. *See Mahboob v. Educational Credit Management Corp.*, No. 2:18-cv-2221-JAK-GJS (C.D. Cal.). The judge in the Central District action ultimately ordered the case stayed pending resolution of the appeal of this case. *See id.*, ECF No. 37.

On July 23, 2019, the Ninth Circuit issued an Order vacating the class certification order, stating:

> [T]he district court certified a class of callers who were recorded by ECMC without consent. But the court then did not decide whether Reyes heard the warning that the call was being recorded, which, under state law, plainly

---

[1] Specifically, the following class was certified, subject to certain exclusions:
  All individuals who, between August 2, 2014, to March 31, 2015, inclusive (the "Class Period"), participated in an inbound telephone conversation with a live representative of ECMC that was: (1) placed to an ECMC phone line that used the non-mandatory message setting for its admonition that the call is being recorded; (2) made from a telephone number that includes a California area code (i.e., 209, 213, 310, 323, 408, 415, 424, 442, 510, 530, 559, 562, 619, 626, 650, 657, 661, 707, 714, 760, 805, 818, 831, 858, 909, 916, 925, 949, or 951); (3) transmitted via cellular telephone; and (4) recorded without the caller's consent.
(ECF No. 113 at 29.)

> would constitute consent to recording. Consequently, it is not clear that Reyes is a member of the class he seeks to represent or has a CIPA claim at all. We therefore vacate and remand so the district court may determine whether Reyes has met his burden of proving that he did not hear the recording warning. If he did hear the warning, he cannot be a member of the class as currently defined and the lawsuit should be dismissed. *See Lierboe*, 350 F.3d at 1023.

(Ninth Circuit Order at 3, ECF No. 145 (citation and footnote omitted).)

On August 6, 2019, Plaintiff Reyes filed a motion for leave to amend seeking to add Mahboob as a plaintiff. (ECF No. 147.)

On August 14, 2019, the Ninth Circuit Mandate issued. (ECF No. 148.)

On January 15, 2020, Judge Bashant granted the motion for leave to amend, permitting Plaintiff Reyes to file the First Amended Complaint adding Mahboob as plaintiff. (ECF No. 152.) In the order granting leave to amend, Judge Bashant stated:

> [N]either the Ninth Circuit nor this Court has made a determination about Plaintiff [Reyes]'s standing at this point in the litigation. The [Ninth Circuit] vacated class certification on the basis that certain facts—whether Plaintiff [Reyes] heard the Recording Disclosure—need to be developed. As such, no determination was made as to Plaintiff's standing as the initial class representative. The posture of this action is therefore distinct from *Lierboe* and *NEI* such that neither precedent precludes this Court from granting the instant Motion to Amend.

(ECF No. 152 at 6.)[2] On January 22, 2020, the First Amended Complaint was filed, which is the operative pleading. (ECF No. 153.)

On February 28, 2020, Judge Bashant conducted an evidentiary hearing regarding Reyes' standing, as ordered by the Ninth Circuit. (ECF No. 155; *see also* Transcript of Feb. 28, 2020 Hearing, ECF No. 164.) Judge Bashant began by lifting the stay and spreading the Mandate. (Trans. at 3, ECF No. 164.) Judge Bashant then heard evidence and stated: "I find that plaintiff has failed to meet its burden of showing Mr. Reyes did not

---

[2] The holdings of *Lierboe* and *NEI Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc.*, 926 F.3d 528 (9th Cir. 2019), will be discussed *infra*.

hear the message. I think the evidence that I heard today indicated that he did; that he was on hold long enough that the message would have played …, so I will find that Mr. Reyes is an inadequate representative." (*Id*. at 81.)  At the conclusion of the hearing, Judge Bashant and defense counsel engaged in the following colloquy:

> MR. KAMINSKI: It was our understanding from our interpretation of the Ninth Circuit order that the Ninth Circuit had ordered that this Court dismiss this litigation in its entirety if it found that Mr. Reyes was not an adequate class member pursuant to *Lierboe* and *NEI Contracting*.
>
> THE COURT: My understanding from the Ninth Circuit is that they ordered that I hold a hearing on the issue of whether Mr. Reyes is an appropriate class representative. I held that hearing. I found he was not.
> In the meantime, the class has been amended, and there is another class representative, so I don't think I have to dismiss it at this point. I think we have to figure out whether this new class representative is an appropriate class representative.

(*Id*. at 82.)

Two days after the evidentiary hearing, on March 2, 2020, Judge Bashant issued an order, which stated:

> On February 28, 2020, the Court held an evidentiary hearing regarding whether Plaintiff AJ Reyes, a class representative in this action, heard Defendant's automated message that Plaintiff's phone call with Defendant would be recorded such that he adequately represents the class under Federal Rule of Civil Procedure 23(a)(4). Based on the evidence presented, the Court finds that Plaintiff has not met his burden of showing that he did not hear the prerecorded message for purposes of adequacy. Accordingly, Plaintiff AJ Reyes' claims against Defendant are DISMISSED.

(ECF No. 158 at 1.)

On March 10, 2020, Defendant filed a Petition for Writ of Mandamus with the Ninth Circuit, contending that Judge Bashant failed to execute the Ninth Circuit's Mandate. (ECF No. 160.)  On March 25, 2020, the Ninth Circuit denied the Petition, stating Defendant "has not demonstrated that this case warrants the intervention of this court by means of the extraordinary remedy of mandamus." (ECF No. 163 (citing *Bauman v. U.S. Dist. Court*,

557 F.2d 650 (9th Cir. 1977) (setting the "guiding and limiting principles" governing appellate courts' "use of their power to issue extraordinary writs").)[3]

On April 21, 2020, the judge in the Central District action granted the parties' joint motion to dismiss Mahboob's case in that court without prejudice. *See Mahboob v. Educational Credit Management Corp.*, No. 2:18-cv-2221-JAK-GJS, ECF No. 65 (C.D. Cal.).

On September 24, 2020, this action was transferred to the undersigned. (ECF No. 198.)

On November 30, 2020, Plaintiff Mahboob filed the pending Motion for Class Certification. (ECF No. 201.) As Plaintiff Reyes did before her, Plaintiff Mahboob moved to certify a class pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3).

On May 10, 2021, Defendant filed an Opposition to the Motion. (ECF No. 225.) At the outset of the Opposition Brief, Defendant stated:

> Plaintiff should not even have been permitted to join this lawsuit. The Ninth Circuit ordered a dismissal of this lawsuit when it was determined that original Plaintiff Reyes never had a claim. ECF Nos. 146-1, 158. The addition of a replacement Plaintiff is not permitted under such circumstances. *Lierboe v. State Farm*, 350 F.3d 1018, 1023 (9th Cir. 2003); *NEI Contracting v. Hanson*, 926 F.3d 528, 533 (9th Cir. 2019).

(Opp'n Br. at 1 n.2, ECF No. 225; *see also id*. at 13 (arguing that Plaintiff Mahboob is subject to unique defenses because it "was reversible error" for Judge Bashant to allow Mahboob to be added as a Plaintiff because "the Ninth Circuit's instructions were not

---

[3] In *Bauman*, the Ninth Circuit lists "five specific guidelines" for assisting in deciding whether the extraordinary remedy of mandamus is appropriate:
> (1) The party seeking the writ has no other adequate means, such as a direct appeal, to attain the relief he or she desires. (2) The petitioner will be damaged or prejudiced in a way not correctable on appeal…. (3) The district court's order is clearly erroneous as a matter of law. (4) The district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules. (5) The district court's order raises new and important problems, or issues of law of first impression.

*Bauman*, 557 F.2d at 654-55 (citations omitted). Given these guidelines, this Court does not find that the Ninth Circuit's denial of Defendant's mandamus Petition constitutes a ruling on the merits of the *Lierboe* issue raised by Defendant.

followed [on remand]" and "because binding case law holds that such an amendment may not be granted if the original class representative (Reyes) never had a claim") (citing *Lierboe*, 350 F.3d at 1023; *NEI Contracting*, 926 F.3d at 533).)

On June 29, 2021, the Court conducted oral argument. (ECF No. 228.) At oral argument, the Court questioned both Parties about Defendant's contention that the Ninth Circuit Mandate and *Lierboe* require dismissal of this action. (*See* June 29, 2021 Trans. at 2-20, ECF No. 231.) Following oral argument, pursuant to an Order of the Court (ECF No. 229), the Parties submitted supplemental briefs addressing the issue of whether the case should be dismissed pursuant to the Ninth Circuit Mandate and *Lierboe*. (ECF Nos. 230, 232.)

## II.    Discussion

The July 23, 2019 Ninth Circuit Order vacating the class certification order stated:

> [I]t is not clear that Reyes is a member of the class he seeks to represent or has a CIPA claim at all.  We therefore vacate and remand so the district court may determine whether Reyes has met his burden of proving that he did not hear the recording warning.  If he did hear the warning, he cannot be a member of the class as currently defined and the lawsuit should be dismissed.  *See Lierboe*, 350 F.3d at 1023.

(Ninth Circuit Order at 3, ECF No. 145 (footnote omitted).)

In *Lierboe v. State Farm*, 350 F.3d 1018 (9th Cir. 2003), the plaintiff filed a class action asserting that an insurer's "anti-stacking" policy violated Montana state law. *See id*. at 1020. After the district court certified the class, the Supreme Court of Montana held on a certified question that the named plaintiff had no claim under state law. *Id*. at 1021. The Ninth Circuit then held that because the sole named representative "had no stacking claim from the outset of her litigation," the district court's class certification order "must be vacated." *Id*. at 1023, 1023 n.6. The Ninth Circuit addressed the issue of "whether the suit must be dismissed without more, or if other proceedings may follow under which it may be possible that the suit can proceed as a class action with another representative, subject to the district court's assessment whether a substitute representative is adequate for

Rule 23 class purposes." *Id*. at 1023. The Ninth Circuit was "mindful of judicial economy considerations," but held that, "because this is not a mootness case, in which substitution or intervention might have been possible, we remand this case to the district court with instructions to dismiss." *Id*. The court was persuaded by the Seventh Circuit's approach in an analogous case in which dismissal was mandated because the plaintiff "never had standing." *Id*. (quoting *Foster v. Center Township of LaPorte County*, 798 F.2d 237, 244-45 (7th Cir. 1986)). In a footnote, the *Lierboe* court distinguished between mootness and standing:

> If Lierboe initially had a viable stacking claim that later became moot, then our law in an appropriate case would permit substituting proper class representatives to allow the suit to proceed. Lierboe's stacking claim, however, was not rejected by the Supreme Court of Montana on grounds that it had become moot. Instead, the Supreme Court of Montana held that Lierboe had no stacking claim from the outset of her litigation, because the unambiguous language of Lierboe's auto insurance policies made clear that coverage, not a rule against stacking, precluded her unhonored claim on the … policy.

*Id*. at 1023 n.6.

The principle discussed in *Lierboe* has been reaffirmed by the Ninth Circuit. *See NEI Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc.*, 926 F.3d 528, 532-33 (9th Cir. 2019); *Moreno v. AutoZone, Inc.*, 410 F. App'x 24, 25 (9th Cir. 2010) ("Because Medrano never had a cognizable late paycheck claim against AutoZone, she cannot represent others who may have such a claim, and her bid to serve as a class representative must fail. As a result, certification of the class with Medrano as its representative must be vacated, and substitution of a new named plaintiff is not required.") (citing *Lierboe*, 350 F.3d at 1023; quotations omitted); *Sanford v. Home Depot USA, Inc.*, 358 F. App'x 816, 819 (9th Cir. 2009) ("[S]ince plaintiff had no live claim and therefore no standing when the case was first brought, this is not a situation in which the case can continue with a putative class member substituted as the named plaintiff.") (citing, *inter alia*, *Lierboe*, 350 F.3d at 1022-23).

District courts in the Ninth Circuit have also applied the *Lierboe* holding. For example, in *Zapien v. Washington Mutual., Inc.*, No. 07CV385 DMS (CAB), 2008 WL 11509012 (S.D. Cal. June 17, 2008), the court allowed an amended complaint to be filed, adding a second named plaintiff to a putative class action. *Id*. at *2. The court then held that the second plaintiff was improperly added to the case because the court determined that the initial named plaintiff never had standing to assert her claim. *Id*. at *3. The court stated that "[w]hen the sole named plaintiff in a class action lawsuit lacks standing, intervention or substitution of another named plaintiff is not permissible, and the court must dismiss the claim." *Id*. (citing *Lierboe*, 350 F.3d at 1023; *In re Exodus Comm. Sec. Litig.*, No. C-01-2661 MMC, 2006 WL 2355071, at *1 (N.D. Cal. Aug. 14, 2006) ("[W]here the named plaintiffs in a class action lack standing, the action must be dismissed and new named plaintiffs with standing may not intervene. Put another way, intervention will not be permitted to breathe life into a nonexistent lawsuit.") (quotation omitted)). The *Zapien* court dismissed the action without leave to amend because "[h]ere, as Zapien [i.e., the original plaintiff] never had an interest in this litigation, she could not have transferred it to Higareda [i.e., the newly added plaintiff]. Since Plaintiffs may not substitute Higareda under the circumstances, their attempted amendment cannot cure the standing defect." *Id*. Other district courts have ruled similarly.[4]

---

[4] *See Olachea v. Stearns Lending, LLC*, No. 17CV1741-JVS, 2019 WL 2620604, at *5 (C.D. Cal. June 10, 2019) ("Because Solarski never had standing in the first instance, Plaintiff's counsel is not granted leave to substitute a new class representative.") (citing, *inter alia*, *Lierboe*, 350 F.3d at 1023); *Ruiz v. Shamrock Foods Co.*, No. 17CV6017-SVW, 2018 WL 5099509, at *7 (C.D. Cal. Aug. 22, 2018) ("Plaintiffs also ask this Court to allow substitution of class representatives. The Ninth Circuit has held that when a plaintiff lacks constitutional standing to pursue a claim on behalf of a class, the case must be dismissed.") (citing, *inter alia*, *Lierboe*, 350 F.3d at 1023); *Noonan v. Sempris, LLC*, No. 13CV257-RSL, 2013 WL 5569468, at *4 (W.D. Wash. Oct. 9, 2013) ("Because Plaintiff never had standing to pursue her claims or represent a class of similarly situated people, 'this is not a situation in which the case can continue with a putative class member substituted as the named plaintiff.'") (quoting *Stanford*, 358 Fed. App'x at 819); *Adams v. AllianceOne, Inc.*, No. 08CV248-JAH(WVG), 2010 WL 11508282, at *1 (S.D. Cal. Mar. 22, 2010) (Gallo, M.J.) ("Where a plaintiff never had standing, Ninth Circuit case law is clear that a new plaintiff with standing cannot step in to save the lawsuit from dismissal.") (citing *Lierboe*, 350 F.3d at 1022-23); *Almeida v. Google, Inc.*, No. 08CV2088-RMW, 2009 WL 3809808, at *3 (N.D. Cal. Nov. 13, 2009) (denying motion for leave to amend to add new plaintiff and stating:

Plaintiff contends that *Lierboe* is inapplicable here, citing five cases in support. (*See* ECF No. 230 at 4-5.) Three of the cases are readily distinguishable because each involved a plaintiff who unquestionably would have been a member of the putative class when the suit was initially filed and thus had standing at the outset. *See Sloan v. Gen. Motors LLC*, No. 16-CV-7244-EMC, 2020 WL 5517244, at *8 (N.D. Cal. Sept. 14, 2020) ("[U]nlike the plaintiff in *Lierboe*, Mr. Siqueiros did not lack standing *ab initio*. He lacked standing as a class representative only when this Court certified a class using a narrowed definition of the class."); *Hensley-Maclean v. Safeway, Inc.*, No. 11-CV-1230-RS, 2015 WL 3956099, at *5 (N.D. Cal. June 29, 2015) ("[R]egardless of whether [original plaintiff] Rosen's abandonment of her claim should be seen as a voluntary act or not, plaintiffs are correct that this is not a situation like *Lierboe* where standing, and therefore subject matter jurisdiction, was absent from the outset."); *In re Static Random Access Memory (SRAM) Antitrust Litig.*, No. 07-MD-1819 CW, 2010 WL 5071694, at *10 (N.D. Cal. Dec. 7, 2010) ("The present case differs [from *Lierboe*], because there is no question that the named Plaintiffs have alleged a price fixing scheme which, if proven, would comprise a violation of the Sherman Act."). Plaintiff's fourth case is also distinguishable because it was not a class action and there were two plaintiffs named in the complaint, "one of whom had standing at the start of the suit." *Hajro v. United States Citizenship & Immigr. Servs.*, 743 F. App'x 148, 150 (9th Cir. 2018) (distinguishing *Lierboe*).

Plaintiff's final case, *James v. Safeguard Properties LLC*, 821 F. App'x 683 (9th Cir. 2020)—and the caselaw on which it relies—requires closer examination. In *James*, the Ninth Circuit stated:

> When a plaintiff lacks standing at the outset of a case, the jurisdictional defect can be cured by the subsequent addition of another plaintiff. Here, John Bund was the original sole named plaintiff in the case. The Jameses were added as

---

"Plaintiff attempts to distinguish *Lierboe* on the grounds that it involved a judicial determination that the named plaintiff lacked standing. Here, plaintiff argues … the court has not made any findings regarding Almeida's standing. However, this attempt to amend appears designed specifically to avoid any such judicial determination…. Even with all inferences in favor of allowing amendment, the court cannot find on the current facts that plaintiff has standing and *Lierboe* does not apply.").

> plaintiffs prior to the discovery that Bund lacked standing. The subsequent addition of the Jameses retroactively cured the jurisdictional defect present at the time of filing. The district court therefore erred in dismissing the case based on a jurisdictional defect that had been cured.

*Id*. at 685 (citing *Cal. Credit Union League v. City of Anaheim*, 190 F.3d 997, 1001 (9th Cir. 1999); *Northstar Fin. Advisors Inc. v. Schwab Invs.*, 779 F.3d 1036, 1043-44 (9th Cir. 2015); *Mullaney v. Anderson*, 342 U.S. 415, 416-17 (1952)).

In *California Credit Union League*, the Ninth Circuit held that "this is one of the rare cases where a jurisdictional defect can be retroactively cured at the appellate level" via the joinder of the United States as a plaintiff, which removed a jurisdictional impediment presented by the Tax Injunction Act. *Cal. Credit Union League*, 190 F.3d at 999. The Ninth Circuit reasoned that "judicial economy and considerations of practicalities outweigh any concern we have regarding jurisdictional purity" in light of the fact that "our refusal to remand this case for meaningless proceedings in the district court can in no way prejudice [defendant] because [defendant] already received a full and fair opportunity to litigate the merits of this case and it never expressed any concern that the Tax Injunction Act barred the League's suit" and "[defendant] never even opposed the joint motion to the join the United States as a co-plaintiff." *Id*. at 1001 (citing *Mullaney*, 342 U.S. at 417); *see also id*. ("[Defendant] cannot now rely on a technical jurisdictional issue simply because it lost on the merits.")).

In *Northstar Financial Advisors*, plaintiff Northstar filed its initial class action complaint on behalf of its client investors despite Northstar owning no shares of the mutual fund at issue. *Northstar Fin. Advisors*, 779 F.3d at 1043. After a court held in a similar case that the minimum requirement for standing required that the plaintiff have a legal interest in the claim, Northstar obtained an assignment of claim from a client-shareholder and moved to amend the complaint to add this new fact. *Id*. The Ninth Circuit affirmed the district court's decision to allow the complaint to be amended pursuant to Federal Rule of Civil Procedure 15(d), which permits "a party to serve a supplemental pleading setting

out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The Ninth Circuit distinguished *Morongo Band of Mission Indians v. California State Board of Equalization*, 858 F.2d 1376 (9th Cir.1988)—which, like *Lierboe*, held that where the district court does not have subject matter jurisdiction over a matter at the time of filing, subsequent events do not confer subject matter jurisdiction on the district court. The Ninth Circuit found *Morongo* "inapposite because, unlike the present case, *Morongo* did not involve a supplemental pleading, much less one with allegations of events that occurred after the commencement of the action." *Northstar Fin. Advisors*, 779 F.3d at 1046.

Here, the Court is sympathetic to Plaintiff's position and to the statement in *California Credit Union League* that "judicial economy and considerations of practicalities outweigh any concern we have regarding jurisdictional purity." 190 F.3d at 1001. However, unlike *California Credit Union League*, here Defendant has contested Plaintiff Reyes' lack of standing in the trial court and consistently objected to Plaintiff Mahboob being added to the case. The Court cannot say that adding Mahboob "can in no way prejudice" Defendant, as was the case in *California Credit Union League*. *Id*. And unlike *Northstar Financial Advisors*, this is not a situation where the operative pleading was amended pursuant to Rule 15(d) due to a "transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). And unlike *James*, this is not a situation where Plaintiff Mahboob was added prior to Plaintiff Reyes' standing being contested. *Cf. James*, 821 F. App'x at 685.

The Ninth Circuit in *Lierboe* was "mindful of judicial economy considerations," no less than in *California Credit Union League*, but nonetheless held that "because this is not a mootness case, in which substitution or intervention might have been possible, we remand this case to the district court with instructions to dismiss." *Lierboe*, 350 F.3d at 1023. Based upon the finding that Plaintiff Reyes was not—and had never been—a member of the putative class, it is clear that Reyes "had no … claim from the outset of h[is] litigation" and he "never had standing." *Lierboe*, 350 F.3d at 1023 & n.6. Accordingly pursuant to

*Lierboe*, it appears that it is not "possible that the suit can proceed as a class action with another representative." *Id*. at 1023. The Court is aware that, due to the statute of limitations, a holding that *Lierboe* applies here may have a profound impact on the viability of the class claims and perhaps also Mahboob's individual claim. But this Court is required to follow Ninth Circuit precedent.

Moreover, the Court is not viewing the above caselaw and its application to the facts of this case in a vacuum. Instead, this Court is operating pursuant to a Mandate issued by the Ninth Circuit. "The rule of mandate is similar to, but broader than, the law of the case doctrine." *United States v. Garcia-Beltran*, 443 F.3d 1126, 1130 (9th Cir. 2006) (citation omitted). "The rule of mandate requires a lower court to act on the mandate of an appellate court, without variance or examination, only execution." *Id*. (citations omitted); *see id*. ("[T]he district court cannot grant the government's motion if so doing would exceed the boundaries as delineated by this court's previous mandate."). "[W]hen acting under an appellate court's mandate, an inferior court is bound by the decree as the law of the case; and must carry it into execution, according to the mandate. That court cannot vary it, or examine it for any other purpose than execution." *Vizcaino v. U.S. Dist. Ct. for W. Dist. of Wash.*, 173 F.3d 713, 719 (9th Cir. 1999) (quotation and citations omitted). "District courts must implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces." *Id*. (quotations omitted).

As Defendant outlined in its brief (ECF No. 232 at 4), the Ninth Circuit panel in this case was aware of Mahboob's desire to join this action, as evidenced by multiple questions at oral argument. Despite this, the Ninth Circuit ultimately issued its Order without reference to Mahboob, stating:

> We therefore vacate [the class certification order] and remand so the district court may determine whether Reyes has met his burden of proving that he did not hear the recording warning. If he did hear the warning, he cannot be a member of the class as currently defined and the lawsuit should be dismissed. *See Lierboe*, 350 F.3d at 1023.

(Ninth Circuit Order at 3, ECF No. 145 (footnote omitted).)  As discussed above, after the Mandate issued and prior to spreading the Mandate, lifting the stay, or conducting the evidentiary hearing to determine whether Reyes heard the warning, Judge Bashant granted Reyes' motion for leave to amend the Complaint to add Mahboob as a Plaintiff, over the opposition of Defendant.

After having the benefit of the supplementary briefing of the Parties filed after the case was transferred to the undersigned (*see* ECF Nos. 230, 232), this Court respectfully finds that the district court lacked the authority to grant the opposed request to add Mahboob as a Plaintiff prior to spreading the Mandate or implementing the Mandate's instruction to "determine whether Reyes has met his burden of proving that he did not hear the recording warning" and dismissing the case if he did not hear the warning.  (Ninth Circuit Order at 3, ECF No. 145.)  Because Reyes failed to meet his burden of proving that he did not hear the warning, this Court is required to dismiss the case without prejudice for lack of jurisdiction pursuant to the Mandate and *Lierboe*.

### III. Conclusion

For the reasons discussed above, the Court **DISMISSES** this action without prejudice.  The Motion to Certify Class is denied as moot.  (ECF No. 201.)  The Clerk of the Court shall close the file.

**IT IS SO ORDERED.**

Dated:  August 24, 2021

_____
Honorable Todd W. Robinson
United States District Judge